### BLISS v. BLISS.
### No. 5128.

Court of Appeals of District of Columbia.
June 1, 1931.

Julius I. Peyser and Milton Strasburger, both of Washington, D. C., for appellant.

George P. Hoover, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, and GRONER, Associate Justices.

GRONER, Associate Justice.

Appellant (who was plaintiff below and whom we shall call plaintiff) was married in Washington, D. C., to appellee (whom we shall call defendant) February 7, 1920. They lived together as husband and wife in the city of Washington for a period of three

months, when plaintiff went to Reno in the state of Nevada, where, in 1921, she obtained a decree of divorce. In 1929, she filed in the Supreme Court of the District of Columbia her bill against defendant in which she prayed that the Nevada divorce be declared void; that certain contracts entered into between herself and her husband, in which she waived her dower and marital rights, be canceled and annulled; and that a decree pass requiring defendant to pay "maintenance and support." She alleged that she was, and had been for more than three years, a resident of the District of Columbia. Summons was issued and returned, "Not found," and, upon petition and affidavit of plaintiff that defendant had property within the District of Columbia, and upon the further petition for the appointment of a sequestrator, an order allowing service by publication was passed in which the object of the suit was stated to be to obtain a decree for maintenance and support, to restore to plaintiff her marital rights in her husband's property in the District of Columbia, and for the appointment of a sequestrator for the property. Defendant, in apt time, appeared specially, and moved to vacate and set aside the order of publication, and a month later the lower court granted defendant's motion and quashed the order of publication on the ground that the suit was one in personam and that the court had no power to authorize substituted service of process in the absence of a statute permitting it, and that section 378, title 24, D. C. Code 1929, which authorizes substituted service in suits for divorce, does not apply in suits for maintenance; and from the order entered accordingly this appeal is taken. Stated briefly, therefore, the question for decision is whether a suit for maintenance is a proceeding in personam or a proceeding in rem.

Section 75 of title 14, Code D. C. 1929, provides: "Whenever any husband shall fail or refuse to maintain his wife and minor children, if any, although able so to do, the court, on application of the wife, may decree that he shall pay her, periodically, such sums as would be allowed to her as permanent alimony in case of divorce for the maintenance of herself and the minor children committed to her care by the court, and the payment thereof may be enforced in the same manner as directed in regard to such permanent alimony."

And, by reference to the paragraph in relation to permanent alimony, we find there a provision that in case of the husband's failure to pay alimony after decree for same is passed, the court may enter an order to sequestrate his property, and apply the income thereof to the payment of such alimony as the court shall have decreed. Section 70, of title 14, D. C. Code 1929. It is insisted on behalf of plaintiff that we have already held (Thompson v. Tanner, 53 App. D. C. 3, 287 F. 980) that in a proceeding for divorce where the defendant is a nonresident of the District, the court, under the provisions of the quoted section of the laws of the District of Columbia, acquires jurisdiction to render a judgment essentially in rem notwithstanding the nonresidence of the owner of the res. But we do not think that case goes so far. What we said there was that where a husband, in order to avoid the service of process, *temporarily absconded,* his property within the jurisdiction of the court might be sequestrated to the payment of a valid order entered in a suit for divorce. The difference between that case and this is twofold. There the action was for divorce, which is a proceeding in rem and in which a valid decree may be rendered without jurisdiction of the person of the defendant. Here the suit is for maintenance, that is to say, for a personal decree for money which, as we pointed out in the Tanner Case supra, is essentially a proceeding in personam. And, secondly, in the Tanner Case, the defendant was a resident of the District, but had gone into hiding to avoid the service of process; whereas in this case, so far as we glean from the record, the defendant is a bona fide resident of Florida, and, inferentially at least, has resided there since the termination of the marital relation ten years ago. We find nothing in the Tanner Case to sustain the position of the plaintiff here. It is quite true that it has been held in a number of states that a suit for maintenance is a proceeding quasi in rem, but, in all such cases, the right to seize the husband's property without personal service has been sustained by reason of local statutes in the jurisdiction in which the suit is brought. Many such cases will be found cited in the opinion in Shipley v. Shipley, 187 Iowa, 1295, 175 N. W. 51; but in the District of Columbia neither in the statutes in relation to marriage and divorce nor in the statute in relation to substituted service of process is there any authority for a proceeding of that nature. The claim for maintenance is different from a suit to enforce a contract or a lien, and, under the Code provisions, there can be no attachment, seizure, or taking of the property until after

the decree has passed, and, in this respect, the local statute is not unlike that in Michigan construed in Bunnell v. Bunnell (C. C.) 25 F. 214, 217. There the statute declared: "In all cases where alimony or other allowance shall be decreed to the wife or children * * * the court may award execution for the collection of the same, or the court may sequestrate his real or personal estate, and may appoint a receiver thereof, and may cause such personal estates, and the rents and profits of such real estate, to be applied to the payment thereof." Judge Brown (subsequently of the Supreme Court), in construing this statute, said: "In terms, the act applies to all cases where alimony is decreed; but it ought to be construed in harmony with the general principle above stated, that a personal decree can only be supported by a personal service of process. The act makes no provision for proceeding against the property pending the suit for divorce, and the sequestration can only take place after the decree is rendered." And, continuing, he said: "The distinction between cases where jurisdiction is acquired by a seizure of the res at the time the suit is begun, and those wherein a personal judgment against a party not served with process is attempted to be enforced against property within the reach of the court, is clearly stated in Pennoyer v. Neff, 95 U. S. 714 [24 L. Ed. 565]."

In the last-named case, the Supreme Court rejected the suggestion that, if the defendant has property within the state, it is of no consequence whether it is taken under attachment and afterwards applied to the satisfaction of a judgment against the owner, or whether the judgment be first obtained in a personal action and the property afterwards seized and sold on execution, and held that if the judgment is invalid because of failure to have personal service on the defendant, it cannot be made valid by the subsequent discovery of property of the defendant and its seizure.

But we think we need not stop to reconcile the conflict of authority in the various states on the subject, nor to lay down any exact rule which may embarrass us in the future when it shall become necessary to decide the question first suggested, for obviously this is not such a case. Plaintiff is not now the wife of the defendant, and is not entitled in her present state to invoke the provisions of section 70, supra. She was divorced by her own act ten years ago in a court which presumably had jurisdiction of the parties and of the suit. It is true she

sets out in her present bill that the divorce was procured at the demand of her husband, and as a result of his coercion, but, as long as the condition brought about by her own act continues, she cannot claim to be the wife of defendant, or entitled to any marital rights as such, or that the marriage relation which ceased ten years ago will constitute a res for jurisdictional purposes. When she shall have established the invalidity of her divorce, it will then be time enough to invoke the statute providing maintenance and support for a deserted wife.

In her bill filed below, she asks that the decree of divorce obtained in Nevada be declared null and void, but in her affidavit and petition for service by publication, she states the object of her suit to be to obtain a decree for maintenance and support. While we do not mean to say that the two objects may not be sought in the same proceeding, we are very clear that in a case such as this, a divorced woman may not, by charging fraud in the procurement of the divorce, avail of the statute for maintenance, and, by the seizure of the property of her nonresident former husband, create jurisdiction in a court where none otherwise exists. Obviously, we think, plaintiff's suit to set aside the Nevada divorce decree may not be maintained in the District without personal service on the defendant, for the marital relation was severed by the divorce, and the matrimonial domicile by the removal of the parties, the one to Nevada and the other to Florida, and the fact that the parties originally entered into the marriage state here will not in itself support the jurisdiction where each acquired subsequently another residence which, in the case of the husband, continues. And so we are of opinion that, while the status of the parties is as admittedly it is, seizure of the husband's property in the District through the maintenance statute may not be availed of to create jurisdiction. But, even if this were not true, there is still another objection to the prosecution of this suit. The bill shows that the things which plaintiff seeks to accomplish, namely, the annulment of the divorce and the cancellation of the contracts made by her coincidently therewith, occurred nine years before the filing of her bill, and she fails to show any reason or excuse for the delay in seeking relief therefrom. Courts always discourage stale demands in the interest of the peace of society, or, as was said by Mr. Justice Gray in Speidel v. Henrici, 120 U. S. 377, 387, 7 S. Ct. 610, 612, 30 L. Ed. 718: "Independent-

ly of any statute of limitations, courts of equity uniformly decline to assist a person who has slept upon his rights, and shows no excuse for his laches in asserting them." It is quite true none of the grounds stated above was argued here or below, and properly could not be without a general appearance, but courts sometimes, wisely we think, look beyond the shadow to the substance, and, when convinced that a cause is without basis or merit, act on their own initiative.

Order affirmed.