## BLISS v. BLISS.
### No. 6491.

United States Court of Appeals for the District of Columbia.

Argued Nov. 8, 1935.

Decided Dec. 16, 1935.

Julius I. Peyser, Milton Strasburger, Aaron Jacobson, and Charles W. Proctor, all of Washington, D. C., for appellant.

George P. Hoover, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

VAN ORSDEL, Associate Justice.

Appellant and appellee, hereafter referred to as plaintiff and defendant, were married in the District of Columbia on February 7, 1920, and lived together as husband and wife until May 7, 1920. On May 11, 1920, plaintiff went to Reno, Nevada, where, on January 5, 1921, she procured an absolute divorce from the defendant. Defendant on September 24, 1926, was married to the present Mrs. Arthur Lorraine Bliss.

On February 2, 1927, plaintiff filed a suit in the Supreme Court of the District of Columbia wherein she alleged the securing of a divorce from the defendant, and that thereafter, about the 1st day of March 1926, "the plaintiff and the defendant, both being single, the plaintiff having secured an absolute divorce from the defendant, and both the plaintiff and the defendant being eligible to marriage, the said defendant asked the plaintiff to marry him, and she, the plaintiff, agreed to marry the said defendant; and the plaintiff avers that she and the said defendant each promised and agreed to marry the other, and the said marriage ceremony to take place, according to the agreement between the plaintiff and the defendant, during the early fall of 1926."

She further alleged that defendant had breached his contract to marry her, for which she claimed damages in the sum of $500,000. On motion of defendant, portions of the declaration were stricken, and an amended declaration was filed and issue joined thereon. Thereafter, on October 1, 1929, on motion of plaintiff, the cause was discontinued and dismissed.

On July 10, 1929, plaintiff filed in the Supreme Court of the District of Columbia her bill of complaint in the present action, in which she sought to secure service by publication upon the defendant, who was then a resident of the state of Florida. On October 4, 1929, defendant appeared specially and moved the court to quash the service by publication. The court sustained the motion and quashed the service. On appeal to this court [Bliss v. Bliss, 60 App.D.C. 237, 50 F.(2d) 1002], the order of the court below, quashing the service, was affirmed.

On November 19, 1930, while her appeal was still pending in this court, plaintiff sued defendant for alimony in the state of Florida. Defendant filed his plea in that action in which he incorporated a complete transcript of the pleadings, proofs, and proceedings had in the divorce proceeding in the state of Nevada, and prayed for the dismissal of the bill. On hearing the court sustained the plea of the defendant, grant-

ing plaintiff leave to amend her bill. Thereafter, on June 10, 1931, plaintiff filed her amended bill in which she challenged the validity of the Nevada decree of divorce. Defendant demurred to the amended bill of complaint on the ground that plaintiff and defendant were no longer husband and wife, and that, according to the record, a valid decree of divorce had been issued by a court of competent jurisdiction, divorcing plaintiff and defendant a vinculo matrimonii; and that under plaintiff's bill no right for alimony had been affirmatively shown.

Plaintiff then moved to dismiss her cause of action without prejudice, which was opposed by the defendant. On hearing, the court denied the motion to dismiss. Thereafter, when the case came on to be heard on the demurrer of the defendant to the amended bill of complaint, the court, after hearing the arguments, sustained defendant's demurrer and gave the plaintiff leave to file an amended bill if she were so advised. Failing to file the amended bill within the time fixed by the court, the court, on motion of defendant praying the entry of a final decree, entered its decree in which the court found that the equities of the suit were with the defendant and against the plaintiff, and dismissed the cause of action with prejudice.

Following the entry of the final decree in the Florida court, plaintiff, on December 29, 1932, by leave of court first had and obtained, filed in the Supreme Court of the District of Columbia her amended bill of complaint in the suit originally filed in that court on July 10, 1929. The reasons set forth were substantially the same as she averred in her amended bill in the Florida court, challenging the validity of the Nevada divorce.

Defendant answered by way of plea in bar invoking the doctrine of res judicata, and attached to and made a part of the answer a certified copy of the record of the pleadings and proceedings had in the Florida court.

Thereafter plaintiff moved to strike that portion of the answer presenting the affirmative defense of plea in bar. The court denied the motion and entered an order directing that the affirmative defense of plea in bar be heard and disposed of separately and in advance of the principal cause on its merits. On hearing, and before a decision was entered by the court, by stipulation of counsel and leave of court, plaintiff, on March 21, 1935, filed an amended bill of complaint to which the affirmative defense of plea in bar of defendant was, by the terms of the stipulation, to be taken and considered as applicable to the amended bill.

The amendment to the original bill consisted of averments to the effect that, prior to her departure for Nevada for the purpose of procuring a divorce, defendant presented to the plaintiff for her signature a certain paper relating to her dower rights, which she signed; and that, within a day or two thereafter, defendant took plaintiff to the office of his representative and presented a second paper writing relating to plaintiff's dower and marital rights and purporting to waive said rights, which she signed. She avers that she was not made acquainted with the terms of the first paper which she signed, and that she has no copy of either of said papers, and calls upon the defendant to produce the same in court. She prays in her amended bill, in addition to the prayer for the nullification of the Nevada decree of divorce, that the two paper writings be cancelled and annulled.

The court below heard the case on the plea in bar in advance of the trial of the principal cause, which proceeding is authorized by equity rule 28, which among other things provides: "Every defense in point of law arising upon the face of the bill, whether for misjoinder, nonjoinder, or insufficiency of fact to constitute a valid cause of action in equity, which might heretofore have been made by demurrer or plea, shall be made by motion to dismiss or in the answer, and every such point of law going to the whole or a material part of the cause or causes of action stated in the bill may be called up and disposed of before final hearing at the discretion of the court."

On hearing the court found that the amended bill of complaint set forth "the identical cause of action sought to be averred by the plaintiff" in the Florida court, where by final decree the court found that the issues raised by the general demurrer were in favor of the defendant, that plaintiff was without equity, and that "the cause of action of the said plaintiff be denied and dismissed with prejudice." The court then held that the Florida court, having properly acquired jurisdiction of the parties and subject-matter, "and having

heard, adjudged, and determined the alleged cause of action of the plaintiff herein on the merits thereof, the alleged cause of action attempted to be averred in and by the amended bill of complaint filed herein is res judicata, and upon principles of equity plaintiff is and should be estopped from attempting to again assert the said alleged cause of action in this court."

The court entered its decree sustaining the defense of plea in bar, and dismissed the bill, from which this appeal was taken.

The sole question presented by this appeal is whether the court below erred in decreeing that the cause of action set out in plaintiff's amended bill of complaint is res judicata, and whether the plaintiff is estopped from attempting to assert the same identical cause of action as was disposed of by the decree in the Florida court.

While it is true that the action originally brought in Florida was for alimony, the validity of the Nevada divorce finally became the deciding issue in that case. The issue was raised by the demurrer of defendant to plaintiff's amended bill challenging the validity of the Nevada divorce. Upon the determination of that demurrer the decree of the Florida court was based. The case here presented by the amended petition involves a similar challenge by the plaintiff of the validity of the Nevada divorce, and a prayer that it be decreed null and void.

It is true that the element of alimony, originally presented in the Florida suit, is absent from this case, but the controversy here is identically the same as that presented for determination in the Florida court, upon demurrer involving directly the validity or invalidity of the Nevada divorce.

While it is a general rule that a judgment to be conclusive as an estoppel at bar under the doctrine of res judicata must go to the merits of the case, we think that the issue of the validity of the Nevada divorce was squarely presented to the Florida court, and, though the judgment was rendered upon demurrer, the facts were sufficiently presented to the court to justify a judgment on the merits. The rule in such cases is clearly stated by this court in Horine v. Wende, 29 App.D.C. 415, 424, where the court said: "To determine, then, what has been adjudicated in the former litigation on which the claim of estoppel is founded, resort is had to the material facts alleged with certainty in the declaration or

bill on which the plaintiff's right to recover is founded; and a general judgment thereon is conclusive of such facts. Hence a final judgment by default or upon demurrer is as efficacious as one rendered after contest between the parties."

It is undoubtedly the law that there are many cases where a judgment upon demurrer, where the demurrer goes to the form of the action, to a defect of pleading, or to the jurisdiction of the court, will not be conclusive of a further action. Such a judgment will not preclude further litigation on the merits of the controversy upon proper pleadings. "But where the demurrer is to a pleading setting forth distinctly specific facts touching the merits of the action or defense, and final judgment is rendered thereon, it would be difficult to find any reason in principle why the facts thus admitted should not be considered for all purposes as fully established as if found by a jury, or admitted in open court." Bissell v. Spring Valley Township, 124 U.S. 225, 232, 8 S.Ct. 495, 499, 31 L.Ed. 411.

We are not here called on to pass upon the validity or invalidity of the Nevada divorce. The question here is whether or not the present action is res judicata in view of a judgment of a court of competent jurisdiction sustaining the validity of the Nevada divorce. In this situation we are of opinion that the doctrine of res judicata has been properly invoked in this case.

The averments of the plaintiff's amended bill in the Florida court were substantially the same as those contained in her amended bill here under consideration. In both cases the plaintiff, in addition to attacking the validity of the Nevada decree, asserted that the defendant had obtained from her in advance of the Nevada proceedings and by undue influence certain paper writings in the nature of waivers of plaintiff's dower rights. In the present action plaintiff specifically prays that these paper writings be delivered up and canceled. In the Florida action there was no such specific prayer, but there was a prayer for general relief. Thus there was before the Florida court all the averments which the plaintiff makes here in respect of either the invalidity of the Nevada divorce or the invalidity of the paper writings in question. The demurrer in the Florida case brought before the court the merits of any cause or causes stated by the plaintiff in her amend-

414

ed bill. Its decision sustaining the demurrer therefore makes res judicata the same issues in the present action.

A demurrer to a complaint, based upon an affirmative defense, which goes to the sufficiency of the cause of action, is equivalent to a general demurrer at common law, and raises an issue sufficient to finally dispose of the case on its merits, unless leave to amend or plead over is granted. Such a judgment is as final and complete as a judgment based upon a trial on the merits, and may be pleaded as estoppel in a future action by plea in bar. In such a case substantial justice demands the intervention of the rule of res judicata. "This doctrine of res judicata is not a mere matter of practice or procedure inherited from a more technical time than ours. It is a rule of fundamental and substantial justice, 'of public policy and of private peace,' which should be cordially regarded and enforced by the courts to the end that rights once established by the final judgment of a court of competent jurisdiction shall be recognized by those who are bound by it in every way, wherever the judgment is entitled to respect." Hart Steel Co. v. Railroad Supply Co., 244 U.S. 294, 37 S.Ct. 506, 508, 61 L.Ed. 1148.

It is fifteen years since the Nevada divorce was granted. Plaintiff has since sought remarriage with defendant; sued him for damages for breach of promise; brought suit in the District of Columbia for annulment of the decree of divorce and for maintenance and support; sued defendant in the Florida court for alimony, challenging the validity of the decree of divorce, on which she met with an adverse decree; and finally she resorted to the present action, where she is again seeking the nullification of the decree of divorce. Defeated in all of these proceedings, she still insists upon her further right to be heard. Somewhere there must be a termination of this persistent litigation.

■ As we said in the opinion in the former case, "the bill shows that the things which plaintiff seeks to accomplish, namely, the annulment of the divorce and the cancellation of the contracts made by her coincidentally therewith, occurred nine years before the filing of her bill, and she fails to show any reason or excuse for the delay in seeking relief therefrom. Courts always discourage stale demands in the interest of the peace of society, or, as was said by Mr.

Justice Gray in Speidel v. Henrici, 120 U.S. 377, 387, 7 S.Ct. 610, 612, 30 L.Ed. 718: 'Independently of any statute of limitations, courts of equity uniformly decline to assist a person who has slept upon his rights, and shows no excuse for his laches in asserting them.' "

The decree is affirmed, with costs.