CHIPMAN *v.* CHIPMAN.

1. APPEAL AND ERROR—CHANCERY CASES—DE NOVO REVIEW—DIVORCE.

On appeal from order entered on wife's petition for an order to show cause why husband should not be held in contempt for nonpayment of accrued alimony and his petition to modify decree by cancelling all accumulated unpaid alimony, the case is considered *de novo* since it is a chancery matter.

2. DIVORCE—CONTEMPT FOR NONPAYMENT OF ALIMONY—RIGHTS OF MINOR CHILD.

The rights of son of the parties were not involved at time of institution by mother of contempt proceedings for nonpayment of alimony for care and maintenance of boy until he was 16 years of age where such proceedings were not commenced until nearly four years after boy had reached age 16 and after he had apparently become self-supporting.

3. SAME—ALIMONY—DISCRETION OF COURT.

A wife has no absolute right to accumulated alimony as the amount thereof could be changed from time to time and reduced or enlarged in the discretion of the court (3 Comp. Laws 1929, §§ 12739, 12748).

4. SAME—MAINTENANCE OF CHILDREN—CHANGE IN CONDITION OF PARTIES.

There must be a change in the condition of the parties arising since a decree of divorce in order to justify modification of decree for maintenance of children (3 Comp. Laws 1929, §§ 12739, 12748).

5. SAME—ACCRUED ALIMONY—MODIFICATION OF DECREE.

Where alimony is due and unpaid, the court may modify the decree as to the accrued amount (3 Comp. Laws 1929, §§ 12739, 12748).

6. SAME—ACCRUED ALIMONY—STALE CLAIM—EFFORT TO COLLECT.

Wife's claim for accrued alimony which had been awarded for support of minor son, which she did not seek to enforce until

about four years after boy had become 16 years of age and after she had remarried and had four children by second husband was largely a stale claim where she failed for a period of 15 years to use reasonable efforts to obtain payment through means provided by law and thereby supported defendant's claim that wife had agreed not to collect the alimony if he would agree not to visit the boy.

7. SAME—ALIMONY—DISCRETION OF COURT.
   In making an award of alimony, and later in enforcing it, a court is expected and required to have due regard to the ability of the husband, the character and circumstances of the parties, and all other circumstances of the case.

8. SAME—REDUCTION OF ACCRUED ALIMONY.
   Order of trial court directing friend of the court to bring contempt proceedings against husband now earning $38 to $40 a week, who had no property except about $100 in government bonds, so as to require him to pay $5,775 accrued alimony for support of son who had reached the age of 16 some four years theretofore is modified so as to require payment of $300 in monthly instalments of $20 plus $20 per month during pendency of appeal.

9. SAME—COSTS—REDUCTION OF ACCRUED ALIMONY.
   No costs are awarded upon substantial reduction of accrued alimony allowed when wife sought enforcement of decree and husband countered with petition to modify decree.

BUTZEL, BUSHNELL, and SHARPE, JJ., dissenting in part.

Appeal from Wayne; Jayne (Ira W.), J. Submitted January 4, 1944. (Docket No. 7, Calendar No. 42,546.) Decided May 17, 1944.

Bill by Grace Cecelia Chipman against Vance John Chipman for divorce on ground of extreme and repeated cruelty. Decree for plaintiff. On defendant's petition to modify decree. Petition denied. Defendant appeals. Reversed and remanded.

*Mazie Gitchell,* for plaintiff.

*Buckingham, Piggins & Rehn (Carroll C. Grigsby,* of counsel), for defendant.

Starr, J.   Defendant appeals from an order which denied his petition to modify a decree of divorce by cancelling unpaid alimony, and which directed the friend of the court to "bring on contempt proceedings" against him.

In February, 1927, plaintiff obtained an uncontested decree of divorce from defendant and was given the care and custody of their minor son Jack, born May 9, 1922.   The decree granted her alimony of $10 a week for the care and maintenance of said child until he attained the age of 16 years or until the further order of the court.   Five days after obtaining her divorce, plaintiff remarried and four children were born of such venture.   The son Jack went through school and was graduated from high school under the surname of his stepfather "Watts."   He became 16 in May, 1938, and in October, 1941, joined the Royal Canadian Air Force.

On plaintiff's petition an order for defendant's attachment for nonpayment of alimony was entered January 6, 1928, and on January 23, 1928, he filed petition to modify the decree by cancelling past-due and future alimony.   Apparently such attachment was not served on defendant, nor was his petition for modification heard and determined.   Thereafter, on one or more occasions, plaintiff interviewed the friend of the court regarding defendant's failure to pay the alimony, but no proceedings were instituted against him until March 12, 1942, when she filed petition for an order to show cause why he should not be held in contempt for nonpayment.   Five days later, on March 17th, he filed a petition to modify the decree by cancelling all accumulated unpaid alimony.   It appears that the order to show cause in the contempt proceedings and defendant's petition to amend the decree were brought on for hearing together, and testimony was taken bearing upon both issues.

Prior to the hearing the matter was referred to the friend of the court, who "recommended that upon payment of $300 by (defendant), * * * the alimony arrearage be cancelled." On January 11, 1943, contrary to such recommendation, the trial court entered an order which denied defendant's petition to amend the decree, and which directed the friend of the court "to bring on contempt proceedings" against him. Defendant appeals from such order. This being a chancery matter, we consider the same *de novo.*

On February 4, 1943, the trial court entered an order directing defendant to pay $20 a month, pending the present appeal, to apply on the accumulated unpaid alimony, such payments to be "without prejudice to the rights of either party." The record indicates that further action in the contempt proceedings awaits our decision on this appeal.

It was shown that defendant had paid only $25 in 1927 and $50 in 1941, and that a balance of about $5,775 remained due and unpaid under the decree at the time the son Jack became 16 in 1938. The testimony of plaintiff and defendant as to why the alimony was not paid is in direct conflict. Defendant claimed that after the decree of divorce was entered in 1927, he was not permitted to visit or talk with his son, and that plaintiff agreed orally that if he would not visit the son, she would not collect the alimony. Plaintiff denied making such agreement and claimed that she had used her best efforts to make collection. The record shows that defendant remarried in 1931; that, except for about two years spent in Maine and a few months at Croswell, Michigan, he had resided continuously in the city of Detroit; that he was unemployed for about two years during the depression; that he was earning $38 to $40 a week; and that he had no property except about $100 in government bonds. Prior to

his becoming 16 in 1938, the son Jack had been supported by plaintiff and her second husband Watts, whose surname he had assumed.

The principal question before the trial court and before us on this review is whether or not there was such a change in the circumstances and condition of the parties as to justify modification of the divorce decree as regards alimony. *Baxter* v. *Baxter,* 296 Mich. 567. While recognizing the general rule that the amendment of a divorce decree is discretionary with the trial court, nevertheless, we are convinced that had we been sitting as the trial court in the present case, we would have reached a different conclusion. The rights of the son are not involved, as the alimony allowance terminated when he became 16, and apparently he is now self-supporting. Through the present contempt proceedings plaintiff is endeavoring to collect unpaid alimony to reimburse herself for moneys which she and her second husband expended for the support and maintenance of the son. Defendant promptly answered such proceedings by filing petition to amend the decree by cancelling the unpaid alimony.

Plaintiff had no absolute right to the accumulated alimony, as the amount thereof could be changed from time to time and reduced in the discretion of the court. In *Wellman* v. *Wellman,* 305 Mich. 365, 371, we quoted with approval from *Perkins* v. *Perkins,* 10 Mich. 425, as follows:

"*The decree of alimony vests in the wife no absolute right to the allowance, as it may be changed from time to time, and reduced or enlarged in the discretion of the court.*"

See *Loomis* v. *Loomis,* 273 Mich. 7; *Camp* v. *Camp,* 158 Mich. 221.

In the *Loomis Case* a decree of divorce obtained by plaintiff Marie Loomis in September, 1928, ordered defendant to pay alimony of $20 a week for the support of their minor children. Defendant failed to make such payments, and in March, 1934, plaintiff filed petition for attachment. Defendant then moved to amend the decree by reducing the amount of the unpaid alimony. Plaintiff appealed from an amended decree which reduced the amount of alimony due her to $460. In affirming such amendment, we said:

"That the court may modify and revise provisions for alimony is unquestioned, *Sherman* v. *Kent,* 223 Mich. 200, also 3 Comp. Laws 1929, §§ 12739, 12748 (Stat. Ann. §§ 25.97, 25.106). However, there must be a change in the condition of the parties arising since the decree to justify the modification of a decree for maintenance of children. *Gould* v. *Gould,* 226 Mich. 340. *And where alimony is due and unpaid, the court may modify the decree as to the accrued amount. Nixon* v. *Wright,* 146 Mich. 231 (10 Ann. Cas. 547)."

We note that the procedure in the *Loomis Case,* where plaintiff filed petition for attachment for non-payment of alimony and defendant answered with a motion to amend the divorce decree, was substantially the same as that in the present case, where plaintiff began contempt proceedings and defendant countered with a petition to amend the decree.

Plaintiff certainly was dilatory in her efforts to collect the alimony from year to year. Her failure for a period of nearly 15 years to use reasonable efforts to obtain payment through the means provided by law lends credence to defendant's claim that she agreed not to collect it if he would agree not

to visit the child. Apparently she elected to support the child herself rather than to compel defendant to contribute the decreed alimony for his support. We do not overlook the fact that she remarried within five days after divorcing defendant, but the four children resulting from such second marriage cannot operate to impose any additional obligations on defendant. Her claim for alimony long past due, which she failed to use reasonable efforts to collect, is in large part a stale claim.

In the case of *Smith* v. *Smith,* 246 Mich. 80, involving proceedings for the nonpayment of alimony, we said:

"Over 20 years elapsed between the time payment was due under the decree and the date of filing this petition. While the proofs disclose that the defendant was absent from this State during a large portion of this period, it appears that he resided within the State for eight and a half years. * * * While courts should render every reasonable assistance in enforcing their decretal orders affecting property rights, they are not bound to aid litigants who are not reasonably diligent in the enforcement of such rights."

See *Sullivan* v. *Sullivan,* 300 Mich. 640; *Stone* v. *Stone,* 162 Mich. 319; *Zoellner* v. *Zoellner,* 46 Mich. 511; *Price* v. *Price,* 80 Col. 158 (249 Pac. 648); *Franck* v. *Franck,* 107 Ky. 362 (54 S. W. 195); *Bogert* v. *Watts,* 32 N. Y. Supp. (2d) 750.

In the case of *Van Dommelen* v. *Van Dommelen,* 218 Mich. 149, 154, we said:

"In making the award (of alimony), and later in enforcing it, the court is expected and required *to have due regard to the ability of the husband, the character and circumstances of the parties and all other circumstances of the case.*"

See *Barry* v. *Barry,* 291 Mich. 666; *Tyson* v. *Tyson,* 283 Mich. 192; *Kelly* v. *Kelly,* 194 Mich. 94; *Aldrich* v. *Aldrich,* 166 Mich. 248.

In view of defendant's present financial condition and the facts and circumstances shown by the record, it certainly would be inequitable and purposeless to saddle him with a debt of $5,775 for the reimbursement of plaintiff, which debt he apparently would never be able to pay. We are impressed with the recommendation of the friend of the court that, upon defendant's paying plaintiff $300, the balance of the accumulated alimony be cancelled. The record clearly indicates such a change in the circumstances and condition of the parties as to justify the amendment of the decree by cancelling all unpaid alimony except the sum of $300 and the $20 per month allowance pending this appeal. Such amounts are all that defendant, in his present financial condition, can reasonably be expected to pay.

We conclude that, upon defendant's paying to the friend of the court for plaintiff's benefit, the $20 per month, pending this appeal, as provided by the trial court's order of February 4, 1943, and paying the further sum of $300 in monthly instalments of $20 each, the balance of the accrued and unpaid alimony shall be cancelled.

The order of the trial court entered January 11, 1943, is vacated and set aside and a decree may be entered in this court in accordance with this opinion. Such decree shall remand the case to the trial court for such further proceedings as may be necessary. In view of the financial condition of the parties no costs are allowed.

NORTH, C. J., and WIEST, BOYLES, and REID, JJ., concurred with STARR, J.

SHARPE, J. (*dissenting in part*). Mr. Justice STARR approves the report of the friend of the court and reverses and modifies the decree of the chancery court.

I cannot subscribe to such a result. The decree of divorce was granted in 1927 and since that time defendant has paid only a few paltry dollars for the care and maintenance of his son. To let him cancel this obligation by the payment of $300 in addition to the sum of $20 per month pending appeal is to put a premium upon an almost entirely successful evasion of a chancery decree. The fact that plaintiff remarried shortly after she secured a decree of divorce is not a sufficient reason for defendant's failure to offer little more than a token for the support of his child. Nor do I think plaintiff is entitled to the full amount of money as is provided in the decree. To permit such a decree to stand is to aid litigants who are not diligent in the protection of their rights.

In my opinion defendant should pay the sum of $1,000 in payments of $20 per month. No costs.

BUTZEL and BUSHNELL, JJ., concurred with SHARPE, J.