## MOUNT VERNON SAV. BANK v. WARDMAN.

### No. 9815.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 24, 1949.

Decided March 7, 1949.

Mr. P. Michael Cook, of Washington, D. C., for appellant.

Messrs. George E. Hamilton, Jr., Henry R. Gower, William A. Glasgow, William B. Jones and John L. Hamilton, all of Washington, D. C., for appellee.

Before EDGERTON and WILBUR K. MILLER, Circuit Judges, and McGUIRE, District Judge, sitting by designation.

McGUIRE, District Judge.

On November 8, 1947 the appellant Mount Vernon Savings Bank filed a complaint in the Court below, to determine the ownership of realty, to declare a resulting trust, and to establish a lien. This was dismissed on the ground of laches, and

from that dismissal this appeal is taken. Appellee has moved to dismiss the appeal on the ground that the appellant has no appealable interest.

The essential facts in brief compass are:

On February 15, 1933, Harry Wardman, the husband of the appellee, endorsed a note in the amount of $34,089.40 which was delivered to the appellant. Its maker was Wardman Corporation, of which Wardman was the president and presumably the controlling stockholder.

There was a default in payment and on February 27, 1936 the bank obtained a judgment against the maker, Wardman and another. On March 3, 1938 this judgment was assigned to the Mount Vernon Mortgage Corporation.

The complaint alleges that shortly after the note was executed the premises here in issue were purchased in the names of appellee, Wardman's wife, and his daughter—he furnishing the consideration, and that later they were improved by the construction of a dwelling erected by Wardman with his own funds "and/or" (sic) through a corporation controlled by him. Its whole gravamen is to the effect that the entire transaction was conceived and designed by him in a purposeful scheme to defraud his creditors, particularly the appellant—hence this action and the application for relief of the kind asked.

We are of the opinion a procedural bar of a fatal character interposes itself against the maintenance of this appeal.

■ A party to an appeal must show that he is aggrieved by the order appealed from. T. 17 Sec. 101, D.C.Code 1940, Barksdale v. Morgan, 1910, 34 App.D.C. 549. By virtue of the assignment appellant Bank transferred its interest in the judgment out of which this action sprung. As a consequence it was not a party aggrieved within the purview of the statute—indeed it had as it now appears no legal or equitable right upon which to predicate its suit below. Federal Rules of Civil Procedure, rule 17(a), 28 U.S.C.A.

Nor can this plain statutory prohibition be circumvented by the stratagemical device of seeking to appear in this Court as proceeding "to the use of Mount Vernon Mortgage Corporation, assignee" for the obvious reason that to permit it to do so on the facts of this case would subvert the statute, and thus permit achievement by indirection of that which is inhibited directly.

■ Both this aspect of the matter and the merits were argued here. With reference to the latter, we agree with the Court below that laches applies. Laches is not only an equitable doctrine, but controlled by equitable considerations. Halstead v. Grinnan, 1894, 152 U.S. 412, 417, 14 S.Ct. 641, 38 L.Ed. 495. The fundamental requisite necessary for its application, is an undue and unexplained delay working an injustice to the other party. Abraham v. Ordway, 1895, 158 U.S. 416, 15 S.Ct. 894, 39 L.Ed. 1036.

■ Appellant attempts to excuse its delay because of lack of knowledge and this is advanced in the face of the known fact that there was available at all times for consultation, for the purpose of discovering the claimed fraud, public information of record. Possession of the means of knowledge of fraud is in equity tantamount to knowledge itself. City of New Albany v. Burke, 1870, 78 U.S. 96, 107, 11 Wall. 96, 107, 20 L.Ed. 155. Appellant did nothing however, and meanwhile the one witness who could throw needed light upon the subject—Wardman—died.

■ The property itself presumably has greatly appreciated in value, while almost twelve years had elapsed since the judgment out of which the controversy stems was obtained. Equity will in such a case "decline to extricate the plaintiff from the position in which he has inexcusably placed himself * * *." Abraham v. Ordway, supra, 158 U.S. at page 420, 15 S.Ct. at page 895.

It follows then in the light of these circumstances the claim of appellant is without merit, and for the reasons of a procedural character stated above the appeal must be dismissed.

Appeal dismissed.