PIERCE v. PIERCE.

1. DIVORCE—ALIMONY—MODIFICATION OF DECREE—CHANGE OF CIRCUMSTANCES—HEALTH OF WIFE—EVIDENCE.

Change of circumstances as to health of plaintiff wife *held*, not to have been proved so as to prevent granting of husband's petition for modification of decree as to payment of alimony either in reducing arrearage or stopping further payments.

2. SAME—ALIMONY—MODIFICATION OF DECREE—DISCRETION OF COURT.

Modification of previously modified decree of divorce under which wife had first been awarded $10 a week, former modification reduced payments to $7 a week, and during ensuing 10-year period defendant husband became some $3,200 in arrears, and which the trial court on the present petition reduced to $2,000 payable $500 a year and stopped future weekly payments did not constitute an abuse of discretion on part of trial court under record presented.

3. SAME—ALIMONY—MODIFICATION OF DECREE.

Decree of divorce, modified as to payment of arrearage of alimony so as to require payment of $2,000 at $500 per year, is further modified so as temporarily to defer payment of those instalments which became due during pendency of appeal.

Appeal from Kalamazoo; Fox (Raymond W.), J. Submitted January 17, 1952. (Docket No. 82, Calendar No. 45,250.) Decided March 6, 1952.

Divorce proceeding between Marguerite Pierce and Howard T. Pierce. On petition of defendant for modification of decree relating to alimony. Decree modified. Plaintiff appeals. Affirmed.

*Bucknell, Birkhold, Fayling & Luna,* for plaintiff.

---

REFERENCES FOR POINTS IN HEADNOTES

[1-3] Generally as to modification of allowance of alimony, see 17 Am Jur, Divorce and Separation § 643 *et seq.*

*Jackson, Fitzgerald & Dalm,* for defendant.

BOYLES, J.   This is an appeal by the plaintiff from an order modifying a decree for payment of alimony. The parties were divorced by decree of the circuit court for Kalamazoo county in 1939.   There were no children and the defendant was ordered to pay plaintiff $10 per week permanent alimony.   In 1941 the same court heard a petition to hold the defendant guilty of contempt for nonpayment and entered an order adjudging the defendant guilty but reducing the payments to $7 per week.   During the ensuing years and until late in 1950, the defendant had paid $1,294, plus $252 through a government allotment while he was in the armed services, and was then in arrears approximately $3,200.   He had remarried in 1943 and was living in Indiana.   The plaintiff had caused his arrest several times for nonpayment of alimony, and on the last occasion the defendant filed the instant petition for modification of the decree, as it had been reduced in 1941.

The instant petition was heard at length by Judge Fox in Kalamazoo, who entered an order on November 27, 1950, reducing the amount in arrears to $2,000 and ordering it to be paid $500 on or before January 1, 1951, and $500 each ensuing January 1st until paid in full.   Also, the defendant was relieved from further payments of the $7 per week decreed in 1941.

Plaintiff appeals, claiming that there was no such proof of change of circumstances as to justify the court's exercise of its discretion in entering the order for modification.

As we review the matter *de novo,* by a reading of the record, it indicates that the circuit judge exercised a commendable degree of patience in hearing the matter, in view of the belligerence of the plaintiff who acted as her own attorney, and her ignorance

of proper court procedure in the presentation of proofs and cross-examination of witnesses. The conclusion is inescapable that the court's greatest concern was directed toward reaching the result which the court believed would be for the best interests of the plaintiff, notwithstanding the difficulties.

The plaintiff had filed petitions for contempt for nonpayment in 1940, 1941, and at least 6 petitions in 1942, on some of which petitions hearings were held without resulting in an adjudication of contempt. The defendant entered the armed military service in October, 1942. Upon his discharge in February, 1945, he went into the roofing business in Indianapolis, on a commission basis. While his whereabouts were easily obtainable, the plaintiff made no effort to enforce the alimony decree during the ensuing years until 1949, when the defendant was arrested in Indianapolis several times for nonpayment, released for the nonappearance of the plaintiff, and on the last occasion, as before stated, he filed the instant petition in Kalamazoo circuit court for modification and relief.

Many changes in circumstances have occurred since the decree was entered in 1939, and since it was modified in 1941. Not all of them are such as to justify a further modification. In 1939 and in 1941 the plaintiff claimed she was in poor health, and that her health had been permanently impaired for life by the defendant's extreme cruelty, a condition which plaintiff has again reasserted at the hearing on the instant petition to be the basis on which the decree was granted on the ground of extreme cruelty. For obvious legal reasons the trial court was concerned as to whether there had been a change in that condition, and took much testimony on it. While each party proposed the name of a physician of his own choice, the court named a physician to make an examination of the plaintiff, who was unknown to

either party. The physician did make a thorough examination of the plaintiff, at the court's request and with her consent. After making a thorough physical examination, including many of the known tests, X-rays and laboratory tests, the physician testified, in substance and effect, that plaintiff's claimed ailments were mostly imaginary, and that she was in good health, contrary to her various claims.

The court relied mainly on the testimony of the physician. It is not necessary to review at length other testimony on which the court might have placed equal reliance in reaching the proper conclusion that there was a change of circumstances as to plaintiff's health, as well as in other respects.

The defendant's 4-year average of net income from the roofing business in Indianapolis was approximately $3,200 per year. The plaintiff owns a home in Kalamazoo but has a very limited income, taking orders for shoes at retail. Most of the time since the divorce she has been working as a clerk in various hotels.

The fundamental question for this Court is whether the trial court abused its discretion in making the modification in the amount of the arrears of alimony, and in discontinuing the requirement other than the payment of $500 per year for 4 years. We hold that there was no abuse of discretion. The circuit judge patiently heard the testimony, observed the witnesses, and had that advantage in reaching his conclusion. Possibly the court was influenced by the same reasoning announced by this Court in *Chipman* v. *Chipman,* 308 Mich 578, 585, where we said:

"In view of defendant's present financial condition and the facts and circumstances shown by the record, it certainly would be inequitable and purposeless to saddle him with a debt of $5,775 for the reimbursement of plaintiff, which debt he apparently would never be able to pay. We are impressed with the

recommendation of the friend of the court that, upon defendant's paying plaintiff $300, the balance of the accumulated alimony be cancelled. The record clearly indicates such a change in the circumstances and condition of the parties as to justify the amendment of the decree by cancelling all unpaid alimony except the sum of $300 and the $20 per month allowance pending this appeal. Such amounts are all that defendant, in his present financial condition, can reasonably be expected to pay."

This appeal has been submitted to us after the times had expired at which the trial court had ordered the first 2 payments to be made. An order will be entered here requiring $500 to be paid within 60 days, and succeeding payments of like amount on or before each January 1st thereafter until plaintiff has received the full sum of $2,000 as ordered by the trial court. The order of the trial court is otherwise affirmed and the case remanded for enforcement, with costs to appellee.

NORTH, C. J., and DETHMERS, BUTZEL, CARR, BUSHNELL, SHARPE, and REID, JJ., concurred.