**William F. BRANDT, Appellant**

**v.**

**Ruth S. BRANDT, Appellee.**

**No. 15119.**

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 11, 1959.

Decided Feb. 18, 1960.

Mr. William J. Howder, Washington, D. C., for appellant.

Mr. John G. Saul, Washington, D. C., for appellee.

Before FAHY, DANAHER and BURGER, Circuit Judges.

FAHY, Circuit Judge.

On December 14, 1943, the District Court granted Ruth S. Brandt, appellee, a judgment of absolute divorce from William F. Brandt, appellant, and awarded her custody of their minor child with the privilege reserved to appellant father to visit the child at all reasonable and proper times. These provisions of the judgment are not involved in this appeal. The judgment also, however, ordered appellant to pay to appellee the sum of $10.00 per week, until the further order of the court, for support of plaintiff and said minor child.[1]

Some fourteen years later, on January 30, 1958, appellee filed a motion in the District Court for an order adjudicating appellant in contempt of court for failure to pay alimony and maintenance for the minor child, or in the alternative for judgment in the amount claimed as arrearages, alleged to be $6,870.00. The motion stated that appellee "for the past nine years has been overseas as a civilian employee of the U. S. Government, and has only recently returned to the States." Prior thereto, the motion alleged, she had been unable to locate appellant, who had "managed to conceal himself and was unable to be served or notified with or about Court Processes."

Appellant through his attorneys filed a memorandum in opposition to the motion, claiming that the judgment of December 14, 1943, was void as to "the award of alimony" in that service of summons on him had been attempted under Rule 4, Fed.R.Civ.P., 28 U.S.C.A., by leaving a copy thereof at a specified address in Washington, D. C., on September 8, 1943, whereas he did not then reside there, having previously moved to Cedar Point, Maryland, whence he had moved to the State of Washington, as known to appellee. The opposition also stated that the minor child of the parties had never resided in the District of Columbia, was born in New York and had been kept there by appellee until she took the child to Germany, during which time appellant had no knowledge of the child's whereabouts. The opposition further stated that appellee, "although obtaining the decree December 14, 1943, has made no prior attempt or request for payment" from appellant, "or made any prior attempt to enforce that order," has not complied with it in respect of appellant's right of visitation and "assumed full control and responsibility for the child and did not notify the father of the child's whereabouts."

On March 2, 1959, the District Court entered the order on appeal, giving judgment for appellee against appellant in the amount of $6,870.00, representing the sum of all payments required by the judgment of December 14, 1943, none of which had been made.

■ We are unable to affirm this judgment on the present record for two reasons: (1) there is an absence of evidence and findings resolving the issue as to such service on appellant as would support the money award of December 14, 1943, upon which the present judgment rests; (2) there is an absence of evidence and findings resolving the issue of laches on the part of appellee in seeking enforcement of the judgment of December 14, 1943. We shall accordingly remand the case for further proceedings.

1. Should the District Court on the remand conclude on the basis of evidence, with appropriate findings, that the service upon appellant does not support the award of alimony and maintenance made in the judgment of December 14, 1943, then the order of March 2, 1959, based on the judgment of December 14, 1943, should be vacated.

---

1. In the wife's affidavit supporting her motion to adjudicate appellant in contempt of court, filed January 30, 1958, she alleged that her minor child at that time was eighteen years old and enrolled at the University of Colorado.

2. If, however, service adequate to support the money award in the judgment of December 14, 1943, was had upon appellant then the District Court should resolve the issue of laches on the part of the wife in seeking compliance with or enforcement of the money award made by that judgment. If the District Court finds that the wife is barred by laches from enforcing the money award made by the judgment of December 14, 1943, it should vacate its order of March 2, 1959; otherwise it should reaffirm its order of March 2, 1959, and the husband, if he be so advised, may appeal from the order of reaffirmance.

This contingent requirement on the remand with respect to the defense of laches requires some explanation. In Kephart v. Kephart, 89 U.S. App.D.C. 373, 193 F.2d 677, certiorari denied 342 U.S. 944, 72 S.Ct. 557, 96 L. Ed. 702, a decision which overruled to the extent in conflict Franklin v. Franklin, 83 U.S.App.D.C. 385, 171 F.2d 12, it is held that when the District Court has awarded alimony and maintenance for a minor child to be paid periodically, the court is without power to modify or remit the specified installments after they have become due by the terms of the original judgment which ordered their payment, and that the right to each installment becomes absolute and vested when it becomes due provided no modifications of the decree have been made prior to its maturity. We also there held that each installment which matures under a decree which has not been modified becomes a judgment debt similar to any other judgment for money, and execution may issue upon it without the necessity of seeking in the original action a "money judgment." The problem was elaborately considered by the court en banc, in both majority and dissenting opinions. But Kephart does not decide the question whether or not laches may be interposed as a defense to the enforcement of such judgments. It was said that the wife's delay in seeking to enforce the payment of alimony did not amount to laches, "as it was sufficiently explained and excused by the wife's illness, poverty and difficulty in obtaining counsel, coupled with the husband's non-residence." It is true the court also said that a wife's delay in seeking to enforce the payment of alimony does not destroy or affect the husband's obligation to obey the court's order, that the obligation does not depend upon the payee's diligence in deciding to collect, and that contempt is shown by inexcusable failure to pay and is not limited to a failure to pay sums which the wife promptly demands. But we construe these statements respecting the obligation of the husband as tending to show that laches was not proven in that case rather than precluding a defense of laches as to each installment which has matured into a judgment.[2] While under Kephart the amount may not be modified retroactively, and while each installment as it comes due becomes a judgment, the defense of laches, which assumes the legal obligation, may partially or wholly prevent its enforcement.[3]

2. Although the authorities are in some conflict, the equitable defense of laches to an action for past due and accrued alimony or child support payments is generally recognized notwithstanding its difficulty of proof. See, e. g., Larsen v. Larsen, 1959, 9 Utah 2d 160, 340 P. 2d 421 (affirming trial court's partial bar of award after remand on the question of laches and estoppel in Larsen v. Larsen, 1956, 5 Utah 2d 224, 300 P. 2d 596; Brown v. Greenlow, 1953, 330 Mass. 88, 111 N.E.2d 744; Chipman v. Chipman, 1944, 308 Mich. 578, 14 N.W. 2d 502; McKee v. McKee, 1941, 154 Kan. 340, 118 P.2d 544, 137 A.L.R. 880; Marshall v. Marshall, 1933, 164 Md. 107, 163 A. 874; Annotation 137 A.L.R. 884, 894 (1941); and 2 Nelsen, Divorce and Annulment § 16.28 (2d ed. 1945). But see Jenner v. Jenner, 1958, 138 Colo. 149, 330 P.2d 544; Peters v. Weber, 1954, 175 Kan. 838, 267 P.2d 481.

3. We do not refer to the statute of limitations as a partial defense to the order on appeal because under Rule 8(c), Fed. R.Civ.P., that defense must be affirmatively pleaded, which was not done. For this reason the lapse of time in the pres-

The fact that the award was in part for the maintenance of a minor child is one of the factors to be considered in determining whether or to what extent laches may now bar enforcement.

The case is remanded for further proceedings not inconsistent with this opinion.

It is so ordered.

Fahy, Circuit Judge, dissented.

ent case may be considered only in connection with the defense of laches, which we think was adequately though inaptly pleaded.