**Annette P. PEKOFSKY, Administratrix of the Estate of George Deigen, deceased, Appellant,**

**v.**

**Odell BLALOCK, Appellee.**

**No. 2821.**

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 9, 1961.

Decided Nov. 29, 1961.

Rehearing Denied Dec. 19, 1961.

Leonard B. Meyers, Washington, D. C., for appellant.

Karl G. Feissner, Washington, D. C., for appellee. Joseph B. Gildenhorn, Washing-

---

2. Harrison v. Harrison, 101 U.S.App.D.C. 309, 248 F.2d 631.

3. Rogers v. Rogers, 92 U.S.App.D.C. 97, 100, 203 F.2d 61, 63, 64.

ton, D. C., also entered an appearance for appellee.

Before HOOD and QUINN, Associate Judges, and SMITH, Chief Judge of The Municipal Court for the District of Columbia, sitting by designation.

SMITH, Judge.

This appeal is from a judgment on a trial finding for appellee Blalock in an action to recover wages against the estate of George Deigen, her deceased employer.[1] Appellant, administratrix of the decedent, seeks a reversal of the judgment alleging that part of the claim is barred by the statute of limitations and that the evidence corroborating appellee's testimony is insufficient to meet the requirements of Code 1951, § 14–302.

Appellee testified that she had been employed by the decedent in his grocery store as a clerk and bookkeeper from 1935 until his death in November 1959; that the terms of the employment relation were not clearly defined, but she received a salary and room and board; that she was responsible for preparing payroll records, tax returns and reports of the grocery business; that decedent paid her irregularly, often being months behind in his payments; that since 1953 she had been paid only by check; that some wages were due her for services rendered before July 1958; and that she had received no payment for the period from July 1958 to November 1959. An accountant, called by appellee as an expert witness, testified that audit of decedent's business records, cancelled checks and tax returns showed a net underpayment to appellee of $66.50 prior to July 1958 and no payments for the period from July 1958 to November 1959. On cross-examination he stated that no cash disbursements were listed under the payroll column of decedent's records.

After denial of a motion for a finding in her favor, appellant offered in evidence decedent's tax returns for the years 1953–1959 and rested. The trial court made a finding for the appellee in the amount of $2,937.42, only $66.50 of which was attributable to the period before July 1958.

▮▮ Appellant first assigns as error the court's refusal to bar part of the claim because the statute of limitations had run. We believe this point is well taken. A party pleading the statute as an affirmative defense has the burden of proof unless the claim is barred on its face.[2] Here, appellee's own evidence shows that the portion of the claim relating to the period prior to July 1958 was barred by the statute. However, the trial court found the balance of the claim to be for the period after July 1958, which is within the three year statutory limit. We therefore hold that the statute of limitations barred only the claim for the earlier period and was not a defense as to the balance of $2,870.92.

▮▮ Appellant next contends that appellee's testimony lacked the corroboration required under our statute prohibiting judgment against the representative of a decedent on the unsupported testimony of an adversary. We disagree. In Rosinski v. Whiteford[3] the United States Court of Appeals for the District of Columbia in interpreting the statute said:

> "* * * the statute permits a judgment based essentially on the survivor's testimony if there is other evidence from which reasonable men might conclude that his testimony is probably true."

Each case depends upon its own facts, but the test is whether the evidence, taken as a whole, tends to make a story substantially more credible. The record contains suf-

---

1. Initially, suit was filed by the District of Columbia under an assignment from the appellee pursuant to Code 1951, § 36–608 (Supp. VIII), but the claim was subsequently reassigned.

2. Stern Equipment Co. v. Pogue, D.C.Mun. App., 117 A.2d 447 (1955).

3. 87 U.S.App.D.C. 313, 184 F.2d 700, 701, 21 A.L.R.2d 1009 (1950).

ficient evidence confirming and supporting appellee's claim. Decedent's cancelled checks, the payroll records, and the tax returns all tend to corroborate appellee's testimony.

Accordingly, the judgment will be modified by reducing it to $2,870.92 and, as modified, is

Affirmed.