3 Pa.Cmwlth. 64

**Helen J. AMIDON, Appellant,**

v.

**Richard C. AMIDON, Appellee.**

**No. 5735.**

District of Columbia Court of Appeals.

Argued June 22, 1971.

Decided Aug. 6, 1971.

Joel D. Blackmon, Washington, D. C., for appellant.

Charles H. Mayer, Washington, D. C., with whom Lewis H. Shapiro, Washington, D. C., was on the brief, for appellee.

Before KELLY, KERN and NEBEKER, Associate Judges.

KERN, Associate Judge:

The question presented by this appeal is whether the defense of laches may bar recovery by one party to a separation agreement against the other when the former had failed for seven years to enforce that agreement. The trial court, in a well-considered opinion, concluded that laches is a valid defense in such a situation and should apply upon the facts of the instant case. We affirm.

On March 28, 1960, the parties entered into a separation agreement, pursuant to which the husband, appellee, received custody of their two children and agreed to pay separate maintenance to appellant in the amount of $115 per month for the first year, and $100 per month thereafter. In July 1960, appellant obtained a divorce from her husband in Alabama. The decree provided that their prior separation agreement

> is hereby confirmed, and the parties shall keep and abide by the terms thereof; however, the same is not merged in this decree but shall in all respects survive the same.

Appellee made payments to appellant in 1961, 1962, and part of 1963, but since approximately August of that year has made no further payments.

In March 1970, appellant filed a complaint in the Domestic Relations Branch of the District of Columbia Court of General Sessions seeking the arrearage accumulated under their agreement in the amount of $8,775. Appellee pleaded laches as a defense. After trial, the court found:

> That the complaint was a suit for alimony arrearages under a separation agreement rather than a suit to enforce a foreign judgment;

> that appellant had had ample opportunity to assert her claim, but had not provided an adequate explanation for her failure to do so;[1] and,

---

1. She testified that to have asked for the money would have caused trouble for their children who were in appellee's custody.

that appellee had good reason to believe that his former wife had abandoned her claim for support and, acting in reliance upon such belief, had paid out over those years between $12,000 and $14,000 to send their son to private school which he could not have afforded had he also been paying maintenance to her.

The trial court concluded that since appellant had made no effort for seven years to enforce the separation agreement and since enforcement now of the agreement for that period would result in an injustice to appellee the defense of laches should be applied. Accordingly, the court ruled that appellee must pay appellant only that which had become due under the terms of the agreement between the time she had filed suit and the date of trial.

■ Appellant now argues that the separation agreement was a contract under seal because the word "seal" had been typed on the document below the signatures of the parties and she has five more years within which to enforce the agreement.[2] Assuming only for the purpose of deciding this case that the separation agreement was a contract under seal, nevertheless it *is well established that courts of equity may invoke the doctrine of laches to deny relief even if the time which has elapsed without suit being brought is less than the time prescribed by the statute of limitations.* Holmberg v. Armbrecht, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946); Bliss v. Bliss, 60 App.D.C. 237, 239–240, 50 F.2d 1002, 1004–1006 (1931).

Therefore, we find no merit in this argument by appellant.

■ She also contends that the defense of laches, an equitable remedy, is not available in a civil suit on a contract which she urges is the nature of her action. Clearly, her suit was to enforce a separation agreement and, as such, fell within the exclusive jurisdiction of the Domestic Relations Branch of the then Court of General Sessions. D.C.Code 1967, § 11–1141; Den v. Den, 126 U.S.App.D.C. 152, 375 F.2d 328 (1967); Gaissert v. Gaissert, D.C.Mun. App., 174 A.2d 195 (1961). The trial court, sitting in the Domestic Relations Branch, had full powers of equity. *See* D.C.Code 1967, § 11–1161. Although it has never been expressly held in this jurisdiction that laches is a defense to an action seeking to enforce a separation agreement, Holcomb v. Holcomb, 93 U.S.App.D.C. 242, 247, 209 F.2d 794, 799 (1954), we see no reason why that defense *should not be available in such an action. See* Bliss v. Bliss, *supra* 60 App.D.C. at 239–240, 50 F.2d 1002; Kephart v. Kephart,[3] 89 U.S. App.D.C. 373, 193 F.2d 677 (1951), cert. denied, 342 U.S. 944, 72 S.Ct. 557, 96 L.Ed. 702 (1952); Brandt v. Brandt, 107 U.S. App.D.C. 242, 244, 276 F.2d 488, 490 (1960); Annot., 70 A.L.R.2d 1269 (1960).

■■ The final issue is whether the trial court was correct in concluding that laches should apply here. Laches is a valid defense in equity when the court finds an undue and unexplained delay on the part of one party which works an injustice to the other party. Mt. Vernon Savings Bank v. Wardman, 84 U.S.App.D.C. 343, 344, 173 F.2d 648, 649 (1949); Landell v. Northern Pac. Ry., 122 F.Supp. 253, 259 (1954), aff'd, 96 U.S.App.D.C. 24, 223 F.2d 316, cert. denied, 350 U.S. 844, 76 S.Ct. 85, 100 L.Ed. 752 (1955). Here, the trial judge found that appellant had the opportunity to enforce her claim but failed to do so within a reasonable time, seven years, and that appellee had relied to his detriment on her failure to take action. We cannot say upon review of the record that these findings are unsupported by the evidence. Therefore the judgment must be and is

Affirmed.

---

2. D.C.Code 1967, § 12–301(6) fixes 12 years as the limitation on suits to enforce contracts under seal.

3. In *Kephart*, the court concluded that laches did not apply to the facts there because the wife satisfactorily explained her delay in making her claim.