ELIZABETH A. COPE, petitioner-respondent,

*v.*

EVERETT L. COPE, defendant-appellant.

[Argued October 27th, 1937. Decided January 26th, 1938.]

*Mr. William Elmer Brown, Jr.,* for the appellant.

*Mr. H. Kermit Green,* for the respondent.

The opinion of the court was delivered by

LLOYD, J.

This is a suit brought by the petitioner for divorce on the grounds of adultery and desertion, and resulted in a decree in her favor. The parties were married in 1924, and lived together in Atlantic City until August, 1931, when the hus-

band left and went to Reno where on November 18th, 1931, he obtained a divorce on the ground of extreme cruelty.

The wife was duly served with process in the Nevada case, but gave no heed thereto and made no defense. In the meantime on October 3d, 1931, she filed a petition for divorce on the ground of adultery, which was proceeded to hearing only after considerable delay and finally dismissed in January, 1933. The petition in the present case was filed August 20th, 1935.

The Reno divorce was set up as a defense and the validity of the decree in that case (held void in the court below) constitutes the basic issue involved in the trial court and on the appeal.

We think the decree obtained by appellant in Nevada cannot be disregarded. The proofs disclose that when he left Atlantic City appellant closed out his business relations by terminating his participation in the management of a large hotel, removed all his personal belongings and went indirectly to Reno where he remained four months. He went from Reno to San Francisco, remained a few days and then went to Los Angeles where he resided for a year and a half, in the meantime obtaining employment, marrying and registering as a voter in that city. Later he returned to Woodbury, New Jersey, to visit his father who was ill, and after about three months gave up the position he held in California as manager of an apartment house in Los Angeles. He did not return because of the continued illness of both parents, the father dying in 1935. Later he operated and continues to operate a hotel in Atlantic City.

The foregoing narration of facts makes it clear that the Nevada decree was a valid exercise of judicial power. The removal from this state was definite and clear. He was no longer a resident of New Jersey. either in fact or intent, and there is nothing to show that the residence in Reno, even though, as subsequently appears, temporary, was not *bona fide*. The case closely parallels that of *Ballentine* v. *Ballentine, 112 N. J. Eq. 222,* both in its facts and the law applicable, and in which a divorce obtained in Nevada was held binding.

That the wife regarded the residence in Nevada genuine is shown by the fact that she, while fully aware of the appellant's movements, of the divorce and second marriage, made no protest until the petition in the present case was filed in August, 1935. She thus for four years acquiesced in the legal termination of their marital relations decreed by the Nevada divorce, in the marriage to another woman, and at the risk of making the latter relation meretricious and bastardizing possible offspring, brought the present action.

The decree is reversed, with direction that the petition be dismissed.

*For affirmance*—HEHER, J. 1.

*For reversal*—THE CHIEF-JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, PERSKIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 11.