## CELIA SHIFMAN ROSEMAN v. JOHN ROSEMAN

21 So. *(2nd) 215  
March 16, 1945  
Rehearing denied March 29, 1945

January Term, 1945  
Division A

*Louis M. Jepeway* and *Israel B. Greene* (Newark, N. J.) for appellant.

*Nat L. Williams,* for appellee.

TERRELL, J.:

In June, 1943, appellee sued appellant for divorce in Dade County alleging abandonment and desertion since June, 1926. In her answer to the bill of complaint, appellant denied deserting appellee but charged him with deserting her and their two children in the summer of 1926 and that such desertion had been continuous. She further alleged in her answer that in October, 1937, she secured a final decree in the Chancery Court of New Jersey against defendant for support and maintenance and wherein the court found and adjudged that defendant deserted the plaintiff without cause and neglected to provide for her.

The New Jersey decree was tendered as res adjudicata of the suit for divorce. A master was appointed and all testimony relating to the issues in the New Jersey suit for support and maintenance was objected to. The master found that the question of desertion was not adjudicated in the New Jersey suit since no testimony was taken and the case

was settled and decree entered on the affidavit of the plaintiff. He recommended that the New Jersey decree be upheld as to support and maintenance but denied effect to it in other respects. The chancellor overruled exceptions to the master's report and granted the divorce. This appeal is from the final decree.

It is first contended that the court below refused to give full faith and credit to the New Jersey decree for support and maintenance as he was required to do by Article IV of the Federal Constitution.

We find no merit to this contention. The chancellor in terms gave effect to the New Jersey decree by making the support and maintenance feature of it a part of his final decree for divorce. It is shown that this part of the New Jersey decree was entered by consent of the parties, that the amount adjudicated has been paid consistently and that the parties have not lived together since it was entered. The New Jersey adjudication was predicated on the agreement for support and maintenance rather than on the merits of the charge of desertion.

Under such a state of facts, we do not think the New Jersey decree could be said to be res ajudicata as to the suit for divorce on the ground of desertion. The evidence shows that the parties have been separated for eighteen years, that nothing has been done to effect a reconciliation and that so far as the record discloses, no attempts have been made for that purpose.

For the reasons so stated, the decree appealed from is affirmed.

Affirmed.

CHAPMAN, C. J., BUFORD and ADAMS, JJ., concur.

21 So. (2nd) 361                                    January Term, 1945

March 16, 1945                                          Division A