## HYMAN BERNSTEIN v. BETTY BERNSTEIN

36 So. (2nd) 190                                   June Term, 1948

July 2, 1948                                        Division A

*Martin Genet* and *J. F. Gordon,* for appellant.

*Samuel Flasterstein,* (Brooklyn, N. Y.), for appellee.

TERRELL, J.:

In February, 1948, Hyman Bernstein sued Betty Bernstein for divorce alleging that she was possessed of a violent and ungovernable temper that was frequently fraught with blows which endangered his welfare and safety. A notice to appear was filed and copy was mailed to defendant who was non-resident of this state. In response to this notice Samuel Flasterstein, defendant's attorney, filed a letter in the court detailing the facts of a support proceeding that took place in the Domestic Relations Court of New York wherein plaintiff was required to pay defendant $30.00 per week for support of herself and minor child. The chancellor treated this letter as an appearance for defendant and gave the plaintiff until April rules to plead.

On March 2, 1948, the chancellor having entered an order therefor directed a writ of ne exeat against plaintiff. Rule to show cause why he should not be adjudged in contempt for concealing the facts relating to the support proceeding referred to in the preceding paragraph was also directed to complainant. A hearing on the rule to show cause was held and the plaintiff was adjudged guilty of contempt and sentenced to serve forty-five days in the county jail. The bill of complaint was dismissed with prejudice. This appeal is from the contempt decree and the decree dismissing the bill of complaint.

In our view the chancellor was in error as to both decrees. As to the contempt decree, it is sufficient to say that the elements as a basis for direct or constructive contempt are not shown to be present so there was no predicate for such decree. No disobedience of the court's order is intimated, no disrespect to the court is shown and the administration of justice was not impeded. Service was made on the defendant promptly and so far as the record discloses she tendered all the defense she desired to offer.

Whether or not the letter from defendant's counsel was sufficient in all respects to constitute an appearance is not

necessary to decide. It was sufficient to bring to the attention of the chancellor the proceedings in the Domestic Relations Court of the State of New York and nothing else was offered. These proceedings were appropriate matters of defense and since they are before him he may feel free to consider them and make such decree for the defendant as he may deem advisable.

The suit for support and maintenance is not a bar to a suit for divorce. Roseman v. Roseman, 155 Fla. 750, 21 So. (2nd) 215. It may be expedient in a bill for divorce to recite the fact of proceedings in a foreign court for support and maintenance if they are in esse but that is not essential to the sufficiency of the bill for divorce. Such proceedings are matters of defense and the chancellor is at liberty to deal with them as the circumstances may seem meet since he has acquired jurisdiction of the plaintiff.

In the trial or consideration of a legal controversy the judge is confronted with some questions that he must take seriously while he may be confronted with as many others that he should toss over his shoulder. The question of contempt here was in the latter class. No fraud or deception is shown, the defendant was duly served and was given every opportunity to defend.

It follows that the contempt order was devoid of a proper predicate and is quashed. The order dismissing the bill of complaint is reversed with directions to reinstate the bill and proceed accordingly.

Reversed.

THOMAS, C.J., CHAPMAN and SEBRING, JJ., concur.