**CARPENTER v. CARPENTER.**
Civ. No. 2850.

United States District Court
S. D. Florida, Miami Division.

Aug. 30, 1950.

Paul H. Brinson, Coral Gables, Fla., for plaintiff.

Lilburn R. Railey, Miami, Fla., for defendant.

Hoffman, Kemper & Johnson, Miami, Fla., for intervenor, Robert Alden Carpenter.

WHITEHURST, District Judge.

This is a suit for a Declaratory Decree to determine the lawful widow of Elmer Byron Carpenter, a resident of Florida, who became deceased on July 5, 1948. The plaintiff, the third and last wife of the decedent, instituted this action against the defendant, the decedent's first wife, in the

Circuit Court of Dade County, Florida, and the cause was removed to this Court upon petition of the defendant, a resident of Washington, District of Columbia, upon the grounds of diversity of citizenship.

The pleadings and proof herein show: That the decedent married the defendant, Agnes B. Carpenter, on August 23, 1906; that on May 14, 1920, the defendant obtained a decree of separation and an award of alimony from him in a limited divorce action in the Supreme Court of the District of Columbia; that on March 18, 1929, the decedent instituted a suit for absolute divorce against the defendant in the Second Judicial Circuit Court of the State of Nevada, and on July 1, 1929, obtained therein a final decree of absolute divorce. Constructive service under proceedings very similar to those of Florida was had in the Nevada suit. The grounds for the divorce were alleged acts of cruelty occurring both prior and subsequent to the decree of separate maintenance in the District of Columbia proceedings. The final decree in the Nevada case expressly finds that the plaintiff had been a resident of Nevada for the requisite statutory period and that he had proven by competent evidence the allegations of his bill. On July 8, 1929, the decedent was married to Doretta Louise Zinkhan and they thereafter lived together as husband and wife until her death on March 19, 1944; after which, on October 21, 1944, the decedent was married to Stella F. Neff, the plaintiff herein, with whom he resided as husband and wife until his death.

The allegations and proof further show that the defendant, as early as April 8, 1930, knew of the Nevada divorce, and that thereafter she knew of the decedent's whereabouts, his subsequent marriages and his dealings in realty in both Florida and Pennsylvania; that despite such knowledge, she failed to attack the validity of the Nevada divorce, or to make any claims or to assert any rights as the wife of the decedent, Elmer Byron Carpenter, during his lifetime; but she is now seeking to claim as his lawful widow and, as such, to be entitled to all lawful rights as such widow of the decedent.

The defendant in her answer alleges that the Nevada proceedings are null and void for the reason that she was not served with notice thereof; that the decedent was not a resident of Nevada at the time; and that the decree of separate maintenance entered on May 14, 1920, in the District of Columbia proceedings was res adjudicata as to the matters set up and claimed by the decedent in the Nevada action. At the conclusion of the testimony, the Court granted a prior motion of the plaintiff to amend her bill of complaint in order to allege that the defendant, having knowledge of the Nevada decree since 1930, and not having asserted any rights thereafter as the wife of the decedent, nor previously attacked the validity of the Nevada decree, was guilty of laches and should be estopped from questioning the validity of the Nevada decree.

The Court finds, concludes and adjudges as follows:

1. That the decree of separate maintenance should be entered by the court in the District of Columbia was not res adjudicata as to the Nevada proceedings. While it is true that both actions were founded upon charges of cruelty, the Nevada proceedings show that they included alleged acts of cruelty occurring subsequent to the entry of the decre of separate maintenance in the District of Columbia action. A decree of separate maintenance in a limited divorce action, such as that had in the District of Columbia, is not a bar or res adjudicata as to a subsequent suit for an absolute divorce. Roseman v. Roseman, 155 Fla. 750, 21 So.2d 215; Bernstein v. Bernstein, 160 Fla. 654, 36 So.2d 190. As stated in 17 A.J., Sec. 489, p. 400, "a decree of divorce a mensa et thoro or a temporary judicial separation does not preclude a subsequent suit for an absolute divorce by the same or the other party, based on subsequent, additional or new facts sufficient to entitle the complainant to the complete dissolution of the marital status or a permanent judicial separation."

2. The decree of absolute divorce entered by the Nevada court, even though based on constructive service, is entitled

to full faith and credit under Article IV, Section 1, of the Federal Constitution, unless it is shown by competent testimony that the one obtaining the decree was not a bona fide resident of Nevada for the requisite statutory period and that the Nevada court was lacking in jurisdiction. Williams v. State of North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577, 157 A.L.R. 1366; Esenwein v. Com. of Pennsylvania, 325 U.S. 279, 65 S.Ct. 1118, 89 L.Ed. 1608, 157 A.L.R 1396; Rice v. Rice, 336 U.S. 674, 69 S.Ct. 751, 93 L.Ed. 957.

The finding by the Nevada court as to the fact of domicile or residence raises a very strong presumption that it existed, and the clearest and most satisfactory proof should be required to overcome the presumption, Herron v. Passailaigue, 92 Fla. 818, 110 So. 539, 545, and one who challenges the validity of a second or subsequent marriage assumes the burden of proving its invalidity. Roberts et al. v. Roberts, 124 Fla. 116, 167 So. 808. The plaintiff, having proven the Nevada divorce and her subsequent marriage to the decedent, the burden of proof to establish the invalidity of the Nevada divorce decree was placed upon the defendant. Williams v. State of North Carolina, supra, Esenwein v. Com. of Pennsylvania, supra, Rice v. Rice, supra, Herron v. Passailaigue, supra, Roberts et al. v. Roberts, supra.

While the defendant produced some evidence tending to indicate that the defendant was not a bona fide resident of Nevada at the time of the institution of the proceedings there, such testimony is wholly inconclusive and insufficient in the mind of the Court to overcome the express findings by the Nevada court and the presumption of validity that must be given to the Nevada decree. It is, therefore, the conclusion of this Court that the defendant wholly failed to meet the burden of proof placed upon her in her attack upon the validity of the Nevada decree.

3. Even if the foregoing were not the case, the allegations and proof in this cause show that the defendant is guilty of such laches that she is estopped from questioning the validity of the Nevada decree. Knowing of the entry of this decree and of the subsequent marriages of Mr. Carpenter and the intervening rights of innocent third persons who would be adversely affected by upsetting the validity of the Nevada decree, the defendant chose to sit idly by for nearly twenty years without raising her hand to attack the validity of this decree, or to establish her rights, if any, as the wife of Mr. Carpenter. Mr. Carpenter is now deceased and his second wife, Doretta Louise Zinkhan Carpenter, who presumably may well have known of the facts of his residence at the time of the institution of the Nevada proceedings, is also deceased. Other material witnesses who could shed light upon the residence of the decedent may well also be deceased, and, had the defendant in this cause met the burden of proof cast upon her and thereby placed the burden upon the plaintiff herein of conclusively proving that the decedent was a bona fide resident of Nevada for the requisite statutory period, it might well cast an impossible and hopeless burden upon the plaintiff due to no fault on her part. No reason or excuse is shown by the defendant for the long delay in seeking relief from the Nevada decree, and she will not now be heard to so do. See 27 C.J.S., Divorce, § 337, page 1304; Bliss v. Bliss, 60 App.D.C. 237, 50 F.2d 1002; Dry v. Rice, 147 Va. 331, 137 S.E. 473; Ruppert v. Ruppert, 77 U.S.App.D.C. 65, 134 F.2d 497; Sleeper v. Sleeper, 129 N.J.Eq. 94, 18 A.2d 1; McNeir v. McNeir, 178 Va. 285, 16 S.E.2d 632; Finan v. Finan, Sup., 47 N.Y.S. 2d 429; Reed v. Reed, 52 Mich. 117, 17 N.W. 720, 50 Am.Rep. 247; Cope v. Cope, 123 N.J.Eq. 190, 196 A. 422. The principles of law set forth in the foregoing cases coincide with the pronouncements of the Supreme Court of the State of Florida in the case of Pawley v. Pawley, 46 So.2d 464, 473, decided April 6, 1950, wherein it is stated: "As previously recited, Mrs. Pawley elected to ignore the proceedings in Cuba and to sit by idly, silently and in an attitude of acquiescence until she became under all existing circumstances forever barred by laches and equitable estoppel from questioning the validity of the decree of divorce in so far as it terminated the

marital status." See also 12 A.L.R.2d Ann. p. 162, Sec. 5, and cases cited therein.

4. The Nevada decree having terminated the marital status of the decedent, Elmer Byron Carpenter, and the defendant in this cause, Agnes B. Carpenter, any rights of dower on the part of the defendant, Agnes B. Carpenter, were also terminated by the Nevada decree, Pawley v. Pawley, Fla., 46 So.2d 464, and the defendant was thereby deprived of all rights and interests in the estate of Mr. Carpenter as surviving spouse under the law of descent and distribution. 16 Am.Jur.Sec. 109, Page 886.

5. The Court having found and adjudged as above set forth, and the plaintiff, Stella F. Carpenter, having proven her marriage to the decedent, Elmer Byron Carpenter, and that her marital relation with him continued to exist until the time of his death, the Court hereby finds and adjudges that the plaintiff, Stella F. Carpenter, is the lawful widow of the decedent, Elmer Byron Carpenter, and, as such, is entitled to all the lawful rights and privileges under the law as the widow of said decedent.