500 So.2d 739 (1987)
Robert M. ARNOLD, Appellant,
v.
Katherine C. ARNOLD, Appellee.
No. 85-2916.
District Court of Appeal of Florida, Third District.
January 13, 1987.
*740 Jerry Green, Miami, for appellant.
Katherine C. Arnold, in pro. per.
Before BARKDULL, HENDRY and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
Mr. Arnold, indisputably a willing participant in 1984 California proceedings ultimating in an unappealed divorce decree awarding, inter alia, alimony and other sums to the wife, contended below that the California judgment, the validity of which he affirmatively espoused in connection with his 1985 remarriage, was not entitled to be domesticated in Florida because the former Mrs. Arnold had not met California residency requirements, and the California court was thus without jurisdiction. Following the lower court's receipt of abundant  although, as will be seen, unnecessary  proof establishing Mrs. Arnold's 1984 California residency, it rejected Arnold's offer of proof to establish his former wife's nonresidency. Although this ruling, about which Arnold complains on appeal, was seemingly made on grounds of expediency, it is, nonetheless, correct because it was well within the trial court's equitable power to
"apply the rule in pari delicto melior defendentis est and leave the original record closed to correction, where no positive rule of law, or consideration of public policy, requires the presumptively valid decree to be rendered void ab initio by setting it aside for jurisdictional objections shown to lie dehors the record and brought to the attention of the court for the first time after other substantial equities have arisen on the strength of the record as it was originally made through the fault, connivance or fraud of the subsequently complaining party in occasioning the false record in the first instance."

Bemis v. Loftin, 127 Fla. 515, 525-26, 173 So. 683, 688 (1937).
Thus, even if, arguendo, Arnold might have proved his claim of non-residency, he was plainly estopped from doing so. See Edelson v. Edelson, 58 So.2d 148 (Fla. 1952); Carpenter v. Carpenter, 93 F. Supp. 225 (S.D.Fla. 1950). Accordingly, the Final Judgment to Enforce Foreign Decree as Florida Judgment and the ensuing order denying Mr. Arnold's motion to quash a writ of garnishment are
Affirmed.