524 So.2d 686 (1988)
Patricia LAMBERT, Appellant,
v.
Douglas J. LAMBERT, Appellee.
No. 87-1250.
District Court of Appeal of Florida, Fourth District.
March 23, 1988.
Rehearing Denied June 2, 1988.
*687 Peggy Rowe-Linn of Rowe-Linn & Gersten, P.A., West Palm Beach, for appellant.
Frank B. Kessler, Lake Worth, for appellee.
HERSEY, Chief Judge.
Appellant, Patricia Lambert, petitioner in a dissolution of marriage case below, appeals the lower court's final judgment dismissing the case with prejudice for lack of subject matter jurisdiction. We reverse.
Patricia Lambert was Douglas Lambert's second wife. His first wife, only peripherally involved in the case, was Joyce Lambert. In August 1974 Patricia and Douglas flew together to the Dominican Republic where appellee obtained a divorce from his first wife, Joyce. Appellee had initiated the divorce proceedings two to three months previously, being represented by an attorney whom he never met. Appellee obtained the divorce in the Dominican Republic in one day, whereupon he and appellant flew to Haiti the following day and were married. After the marriage they stayed in Florida for three or four days then drove to Canada, where they resided together until their separation in 1985.
In Canada, appellee declared appellant as his wife and dependent on his income tax returns for the years 1974 through 1985. He also hired an attorney to authenticate to the Canadian Immigration Department that appellant was his wife. He listed appellant as his wife on his pension plan at work and generally held himself out to be married to appellant for some thirteen years.
In 1976, Joyce filed for and was granted a divorce from appellee in Florida. Appellant Patricia testified that she had been made aware of the 1976 divorce proceeding and decree, but stated that she had not remarried appellee after that decree because she didn't think it was necessary. The parties separated in 1985 and appellant returned to Florida and thereafter filed a petition for dissolution on May 1, 1986. Appellee filed an answer contending, as an affirmative defense, that the 1974 Dominican Republic divorce was invalid because neither he nor Joyce had ever been residents of the Dominican Republic. The trial court determined, after a hearing, that the Dominican Republic divorce was invalid and therefore the subsequent Haitian marriage was void as bigamous. The trial court therefore dismissed the action for lack of subject matter jurisdiction.
Appellant contends that even if the 1974 Dominican Republic divorce is invalid, appellee is estopped from now challenging the validity of that decree. We agree, and therefore need not address appellant's additional issue raised on appeal.
In Arnold v. Arnold, 500 So.2d 739 (Fla. 3d DCA 1987), the court held that a husband was estopped from challenging the validity of a divorce decree where he had participated in the divorce proceeding and had previously asserted the validity of the divorce decree in connection with his subsequent remarriage. In Keller v. Keller, 521 So.2d 273 (Fla. 5th DCA 1988), the court held that a husband was estopped from asserting, in a dissolution action by his second wife, the invalidity of a Mexican divorce decree dissolving his first marriage. *688 See also Fla.Jur.2d Family Law § 801 (1981).
In the present case appellant thought that the Dominican Republic divorce decree was valid, and appellee made no claim that his marriage to appellant was void until answering appellant's petition for dissolution. Appellee initiated the Dominican Republic divorce and relied on its validity in marrying appellant and living with her as husband and wife for some thirteen years. Accordingly, it would be inequitable to now permit appellee to contend that the Dominican Republic divorce decree is invalid.
We find that the trial court erred in determining that appellant could not have relied on the validity of her marriage after being informed of the 1976 Florida decree. Appellant, believing that she was lawfully married, was not required to assume the bona fides of the 1976 Florida proceeding nor to understand the possible legal effect of that proceeding on her marriage.
Appellee's res judicata argument is without merit because appellant was not a party to the 1976 Florida proceedings. See Fla.Jur.2d Judgments and Decrees § 147 (1981) (for a prior adjudication to operate as a bar there must be an identity of parties).
It would be inequitable to permit appellee to challenge the Dominican Republic divorce decree in view of his substantial prior conduct inconsistent with such a challenge. Accordingly, we reverse and remand for trial on the merits.
REVERSED AND REMANDED.
LETTS and GLICKSTEIN, JJ., concur.