BASKIN, Judge.
The subject of this appeal is an order determining heirs. In that order, the trial court found in pertinent part:
THIS CAUSE having come on to be heard on a Motion for Determination of Heirs and Approval of Settlement on January 18, 1989, and the Court, after taking evidence, hearing argument of counsel, and receiving the Report of the Guardian Ad Litem, finds as follows:
1. The marriage between Jose Capo and Gladys Borges on March 7, 1987 is null and void ab initio as this court finds that Gladys Borges was legally married to Eric Borges, never obtained a divorce from Eric Borges until March 24, 1988, and never remarried Jose Capo after her divorce and before she died on July 22, 1988.
2. Jose Capo is not the surviving legal spouse of Gladys Borges, and is not entitled to make claim for distribution as such under the intestate laws of the State of Florida, nor is Jose Capo entitled to claim damages under the Florida Wrongful Death Statute as her suviving spouse for her wrongful death.
3. The Co-Personal Representatives of the Estate of Gladys Borges should not make a claim on behalf of Jose Capo for damages as her surviving spouse.
Finding that appellee established the absence of a reasonable probability that decedent secured a divorce before marrying appellant, In re Estate of Perez, 470 So.2d 48 (Fla. 3d DCA), review denied, 480 So.2d 1295 (Fla.1985); see Teel v. Nolen Brown Motors, Inc., 93 So.2d 874, 876 (Fla.1957), we affirm the order determining that appellant is not decedent’s surviving legal spouse.[1]
Affirmed.
NESBITT, J., concurs.

. The record provides no support for appellant’s contention that he was an "innocent spouse." See, e.g., Alexander v. Colston, 66 So.2d 673 (Fla.1953); Lambert v. Lambert, 524 So.2d 686 (Fla. 4th DCA), review denied, 534 So.2d 400 (Fla.1988); cf. Keller v. Keller, 521 So.2d 273, *255 274-75 (Fla. 5th DCA 1988). In his deposition, appellant testified that he knew decedent had been married previously; however, the marriage license both parties signed stated that the decedent had never been married. Those facts create a strong inference that decedent's first marriage had not been legally terminated. In Re Estate of Perez, 470 So.2d 48 (Fla. 3d DCA), review denied, 480 So.2d 1295 (Fla.1985). Further, appellant’s mother served as the decedent’s residence witness in her divorce; after her divorce became final, decedent asked appellant if they could have a "real marriage ceremony.” Thus, even if appellant did not have actual knowledge that his marriage to decedent was void, he was sufficiently aware of facts and inferences to preclude him from obtaining the status of “innocent spouse.”