778 So.2d 352 (2001)
Betty J. WRIGHT, Appellant,
v.
Rogers WRIGHT, Appellee.
No. 2D00-1923.
District Court of Appeal of Florida, Second District.
January 5, 2001.
*353 David A. Maney of Maney, Damsker & Jones, P.A., Tampa, and Tarya A. Tribble, Riverview, for Appellant.
Scott K. Spivack, Lakeland, for Appellee.
PATTERSON, Chief Judge.
The question presented in this case is whether Betty J. Wright (the wife) is estopped, as a matter of law, from litigating that her marriage to Rogers Wright (the husband) was bigamous and void. We reverse and remand for an evidentiary hearing.
The parties were married in 1979. In 1998, the wife commenced a dissolution of marriage action. At the final hearing, the trial court announced that it would dissolve the marriage and, as part of the judgment, the wife would pay alimony to the husband. At that juncture, before the final judgment was signed, the wife filed a motion to abate and for relief from judgment. The thrust of the motion was that the court lacked subject matter jurisdiction to dissolve a bigamous marriage. A copy of a marriage certificate between Rogers Wright and a Marion Frances Smith dated July 24, 1961, was attached to the motion. The motion alleged that the husband was legally married to Smith and, therefore, the Wright marriage was void.
It is undisputed that the wife became aware of the Wright Smith marriage during her marriage to the husband, but apparently accepted his explanation that the prior marriage was invalid. On these facts, without a full evidentiary hearing, the trial court ruled that the wife was estopped from asserting the issue of a void marriage as a matter of law. We determine first that the court had subject matter jurisdiction over the parties' relationship and, second, that the wife is entitled to a full evidentiary hearing on the issue.
On the matter of jurisdiction, in Burger v. Burger, 166 So.2d 433, 435 (Fla. 1964), our supreme court stated, "We have consistently held that although a `marriage' *354 is accomplished under circumstances which make it a nullity, it is to the best interest of society that a judicial determination of the invalidity be obtained." At the time of the Burger proceeding, then section 65.04, Florida Statutes (1961), provided:
65.04 Grounds for divorce.No divorce shall be granted unless one of the following facts shall appear:
. . . .
(9) That either party had a husband or wife living at the time of the marriage sought to be annulled.
The court explained that the legislature had the power to delineate a divorce from what would otherwise be considered an annulment. The underlying principle, however, is that the court has jurisdiction over the parties' relationship and may act upon it accordingly. Since that time, section 65.04 was transferred to chapter 61 and then later repealed.[1] In Gilvary v. Gilvary, 648 So.2d 317, 318 (Fla. 3d DCA 1995), the court explained the current state of the law regarding annulment:
A trial court's jurisdiction over an annulment proceeding stems not from any statutory provision, but from its equitable chancery jurisdiction. See generally, 25A Fla. Jur.2d Family Law § 512 (1992) ("[I]t is clear that the circuit courts, as courts of chancery, have jurisdiction to declare the nullity of a void marriage or to decree that a voidable marriage is annulled.").
The trial court therefore has jurisdiction over the relationship between the husband and the wife, with either divorce or annulment being the ultimate remedy.
A party to a dissolution proceeding may be estopped from asserting that the marriage is bigamous and void. See Lambert v. Lambert, 524 So.2d 686 (Fla. 4th DCA 1988); Keller v. Keller, 521 So.2d 273 (Fla. 5th DCA 1988). Whether an estoppel defense applies depends upon the facts of the case. The record of this case, as it now stands, does not support a determination that the wife is estopped as a matter of law based solely on her knowledge of the Wright Smith relationship. She must be afforded a full evidentiary hearing, where she must be given the opportunity to establish that her marriage to the husband is presumptively void. At that time, she may request the court to annul the marriage. Thereafter, the husband may offer proof that the wife should be estopped from asserting her position.
Reversed and remanded.
ALTENBERND and CASANUEVA, JJ., concur.
NOTES
[1] Section 65.04, Florida Statutes, was renumbered as section 61.041 by chapter 67-254, section 16, at 606, Laws of Florida, and repealed by chapter 71-241, section 22, at 1330, Laws of Florida.