240 A.2d 359 (1968)
Julia W. TOLIVER, Appellant,
v.
Gladys A. DURHAM, Executrix of the Estate of Essie Hebbron, Appellee.
Leola M. KENNEDY, Appellant,
v.
Gladys A. DURHAM, Executrix of the Estate of Essie Hebbron, Appellee.
No. 4386, 4387.
District of Columbia Court of Appeals.
Argued January 15, 1968.
Decided April 3, 1968.
Thurman L. Dodson, Washington, D. C., for appellants.
Shellie F. Bowers, Washington, D. C., with whom Carlisle E. Pratt and Julius Jay Hollis, Washington, D. C., were on the brief, for appellee.
Before HOOD, Chief Judge, MYERS, Associate Judge, and CAYTON (Chief Judge, Retired).
HOOD, Chief Judge:
These appeals arise out of two separate claims against the estate of Essie Hebbron for services rendered to her in the last year of her life.
Appellant Kennedy, a long-time friend of Miss Hebbron, testified that Miss Hebbron, who had suffered a stroke, asked Kennedy to care for her and promised to pay for such services; that this conversation took place in decedent's bedroom while the two were alone; that over a period of *360 approximately seventy days Kennedy performed services for Miss Hebbron which consumed 1104 hours; and that her services were worth $1.25 an hour.
Appellant Toliver, also a long-time friend of Miss Hebbron, testified to a similar conversation under similar circumstances between her and Miss Hebbron; that over a period of approximately sixty days she performed services for Miss Hebbron which consumed 891 hours; and that her services were worth $1.25 an hour.[1]
While there was no corroboration of the two conversations, each appellant gave testimony corroborating the services of the other, and one Cook, a roomer in Miss Hebbron's home, gave testimony corroborating the services of both appellants. Thus each appellant had testimony corroborating the services performed but neither had testimony corroborating the request for the services or of the promise to pay for them. This brings into play our statute which provides that in a civil action against the estate of a deceased person, "a judgment or decree may not be rendered in favor of the plaintiff founded on the uncorroborated testimony of the plaintiff * * * as to any transaction with * * * the deceased * * * person."[2] At the conclusion of the testimony for the appellants, the executrix defendant moved to dismiss the claims. The trial court, sitting without a jury, granted the motion. The appellants contend that the trial court too narrowly interpreted the statute above quoted.
Our statute "permits a judgment based essentially on the survivor's testimony if there is other evidence from which reasonable men might conclude that his testimony is probably true."[3] Each case depends upon its own facts, and the test is whether the corroborating evidence, "taken as a whole, tends to make a story substantially more credible."[4]
Appellants argue that the trial court dismissed the claims because of lack of corroboration of Miss Hebbron's request for the services and agreement to pay for them, and that under the rule above stated it is not necessary that there be corroboration of every essential fact of the transaction. However, the record does not disclose that the court's dismissal was based solely on a ruling of law. It merely shows that after argument, the motion was granted.
Rule 41(b) of the trial court, based upon Fed.R.Civ.P. 41(b), provides that after completion of the plaintiff's case in a nonjury trial, the defendant may move for dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief, and the court as trier of the facts may determine them and render judgment against the plaintiff. On the record before us, we must assume that the court considered the facts in light of the applicable law and found the corroborating testimony was not sufficient to produce a belief that appellants' testimony was probably true.
Appellants argue that even if the court found that the agreement to compensate was not sufficiently corrobated, appellants were still entitled to recover for their services on the basis of an implied contract. However, services may be rendered gratuitously or under circumstances where an implied agreement to pay for such services will not be inferred.[5]
Affirmed.
NOTES
[1] The services of appellant Toliver were performed within the period that appellant Kennedy was also rendering services.
[2] D.C. Code 1967, § 14-302.
[3] Rosinski v. Whiteford, 87 U.S.App.D.C. 313, 314, 184 F.2d 700, 701 (1950).
[4] Pekofsky v. Blalock, D.C.Mun.App., 175 A.2d 604, 605 (1961).
[5] 98 C.J.S. Work and Labor §§ 7-9.