**Bessie Mae JOHNS, Appellant,**

v.

**William M. SPEED, Ancillary Administrator of the Estate of Theresa Hayes Mabry, Appellee.**

**No. 4633.**

District of Columbia Court of Appeals.

Submitted Sept. 9, 1969.

Decided Oct. 15, 1969.

---

2. Agreed Statement of Proceedings and Evidence, R. 42.

**498**

———◆———

Samuel Intrater and Albert Brick, Washington, D. C., were on the brief, for appellant.

Frank D. Reeves, Washington, D. C., entered an appearance for appellee but filed no brief.

Before KELLY, FICKLING and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

This appeal arises out of a claim against the estate of Theresa Hayes Mabry for money due and owing under an alleged oral agreement to repay sums of money paid to or on behalf of the deceased during her life. After trial before the court without a jury, a trial finding was made that "the plaintiff [appellant] has not sustained the burden of proof by a preponderance of the evidence that there was such an agreement."

The testimony of plaintiff was that the deceased orally promised to repay money each time plaintiff loaned money to her, and that each promise also renewed the previous promise to repay sums earlier loaned. The loans were alleged to have been made from 1958 to 1963.[1] Numerous exhibits were introduced substantiating plaintiff's payments to or on behalf of the deceased. There was also testimony which, though ambiguous, might have corroborated to a slight extent the existence of a promise to repay.[2]

We cannot say, on this record, that the trial court was required as a matter of law, to find that a promise to repay was in fact made by the deceased. Accordingly, the court was free to find as it did. See Toliver v. Durham, D.C.App., 240 A. 2d 359 (1968). See also D.C.Code 1967, § 17–305(a).

Affirmed.

---

1. In view of the trial court's determination on the facts this court need not reach the issues, dealt with in length by appellant and the trial court, whether the suit was filed within the special statute of limitations (D.C.Code 1961, Supp. V, 1966, § 20–1318).

2. Corroboration of the agreement was required. D.C.Code 1967, § 14–302.