### In re ESTATE OF Thomas Wyatt TURNER.

### Appeal of Lois E. BROADUS.

### No. 81–96.

District of Columbia Court of Appeals.

Argued Oct. 7, 1981.

Decided Jan. 21, 1982.

---

George H. Windsor, Washington, D. C., for appellant.

Michael Campilongo, Washington, D. C., for appellee.

Before KELLY, FERREN and PRYOR, Associate Judges.

PRYOR, Associate Judge:

This is an appeal from the denial of an administratrix's claim for expenditures made on behalf of the decedent over the course of several years prior to his death. Upon review of the trial court's evidentiary rulings, we affirm.

Lois E. Broadus, administratrix c.t.a. of Thomas Wyatt Turner's estate and appellant herein, requested the Probate Division of the Superior Court to approve payment to her individually, from the assets of the estate, of a sum equal to one quarter of the estate. The basis of the claim was an alleged oral agreement between decedent and herself wherein the deceased requested that she make expenditures for such items as prescriptions, clothing, nursing services, insurance payments and taxes, and keep a record of the outlays so that he could reimburse her at a later time. Turner's widow thereafter filed a motion opposing the allowance of appellant's claim. To resolve this question, the probate court conducted an evidentiary hearing.

It was shown that the decedent, an elderly man in poor health, lived about eight years in a house owned by appellant and her mother. In this regard, appellant submitted documents indicating that certain sums were expended from her bank account to pay the decedent's obligations. Guided by D.C.Code 1973, § 14–302, which provides that in a civil action against the estate of a deceased person, "a judgment or decree may not be rendered in favor of the plaintiff founded on the uncorroborated testimony of the plaintiff . . . as to any transaction with . . . the deceased . . . person," the court ruled that, in the absence of corroborating evidence, there was inadequate proof of either the decedent's request that appellant make the expenditures or his promise to pay her. Aside from the Code, the court further concluded that appellant's claim was not a just one under an implied con-

tractual theory because there was no preponderance of evidence suggesting that her reasons for spending the money were other than gratuitous. Similarly, no showing was made that decedent intended or felt obliged to repay her.

On appeal, appellant argues that the court committed error in requiring her testimony to be corroborated pursuant to § 14–302, since, by its express terms, the statute applies only to civil actions where the estate is being sued and not to probate proceedings where, as here, the court is reviewing the allowance of an administratrix's individual claim against the estate. We disagree, finding appellant's interpretation of "civil action" to be too narrow as applied to the facts of this case.

■ Typically, the administrator of an estate is empowered to consider all legitimate claims against an estate submitted by creditors at large. When such a claim is rejected, the creditor has the option of filing a civil action against the estate. Section 14–302 would then operate to bar a judgment in the creditor's favor if the claim is not corroborated. Thus, the effect of the statute is to impose an additional aspect of proof, which might not otherwise exist, when creditors are seeking money from an estate. While the instant proceeding was not commenced in the context of a civil action with a plaintiff and a defendant, it was nevertheless adversative in nature. Notwithstanding her status as administratrix of the estate, appellant was not acting on behalf of the decedent. Rather, appellant took an adversary position by seeking a judgment on a personal claim which would reduce the assets of the estate. She therefore stood in the shoes of a plaintiff-creditor against the estate placing the widow, Turner, in the position of defending the estate. Moreover, if the phrase "civil action" is literally construed to exclude a civil proceeding of this nature and is limited to an external suit on a rejected claim, then the statute's general purpose of protecting the assets of the estate from uncorroborated claims would be severely limited.

■ Finally, we note that appellant's failure to prove express statements attrib-

utable to the decedent was not the only means of proving her claim. Under a theory of implied contract, appellant would have been entitled to judgment if she had been able to prove that there was "other evidence from which to conclude that [her] testimony is probably true." *Toliver v. Durham*, D.C.App., 240 A.2d 359, 360 (1968), quoting *Rosinski v. Whiteford*, 87 U.S.App. D.C. 313, 314, 184 F.2d 700, 701 (1950). Appellant was unable to present such proof. In examining appellant's claim under a theory of implied contract, the court found that appellant's failure to either make mention of any indebtedness when she sought her appointment as administratrix or to achieve a meaningful arrangement for a definite manner and time of repayment over a span of several years, coupled with numerous other factors, evidenced a general intent that she was spending her money without any expectation of repayment. Based upon a consideration of the total circumstances, we are unable to say that the findings were erroneous as a matter of law.

*Affirmed.*