John Henry HOSFORD, Jr., Plaintiff,

v.

ESTATE OF Vincent A. CAMPBELL, Deceased, et al., Defendants.

Civ. No. 88–2302.

United States District Court,
District of Columbia.

Feb. 28, 1989.

## MEMORANDUM OPINION

NORMA HOLLOWAY JOHNSON, District Judge.

This is an action filed by plaintiff, John Henry Hosford, Jr., against the estate of Vincent A. Campbell,[1] deceased, for negligence, assault and battery, fraud, and intentional infliction of emotional distress. Plaintiff claims that the decedent lied about his sexual history and exposed plaintiff to the Acquired Immune Deficiency ("AIDS") virus.

Plaintiff maintains that in reliance upon the decedent's promises that he had not had sexual relations for five years, he entered into a homosexual relationship with the decedent in July 1987. Campbell was admitted to the hospital on January 4, 1988, and died from an aneurysm and resulting stroke on January 11, 1988. While hospitalized, the decedent tested positive for AIDS. While plaintiff has tested negative for the virus, he claims to have suffered mental distress and anxiety after learning of his exposure to the disease. He asserts that the decedent misrepresented his sexual history and that had he known of the decedent's alleged promiscuity, he would not have begun a sexual relationship with him.

Defendants have moved to dismiss the complaint or in the alternative for summary judgment. They argue that the District of Columbia's Dead Man Statute requires dismissal of the suit, that plaintiff's reliance upon the statements of the decedent were unreasonable as a matter of law, and that with respect to the negligence and fraud claims, plaintiff has failed to show any evidence of damages. In addition, defendants assert several affirmative defenses. They claim that plaintiff failed to act with reasonable prudence, that he assumed the risk of exposure to AIDS, and that he consented to the sexual touching of the decedent.

After careful consideration of the submissions of the parties, the Court finds that the Dead Man's Statute warrants dismissal of this action. It is, thus, unnecessary to rule on the defendants' other defenses. For the following reasons, the motion of defendants to dismiss is granted.

## DISCUSSION

A motion to dismiss, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, shall not be granted unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The complaint must be construed in favor of the plaintiff, and all allegations contained in the complaint must be construed as true for purposes of consideration of the motion. *Ramirez de Arellano v. Weinberger,* 745 F.2d 1500 (D.C. Cir.1984). However, even under this exacting standard, it is clear that plaintiff has failed to state a claim upon which relief can be granted.

Section 14–302 of the District of Columbia Code provides:

"(a) In a civil action against: ...

(2) the committee, trustee, executor, administrator, heir, legatee, devisee, assignee, or other representative of a deceased person or of a person so incapable of testifying,

a judgment or decree may not be rendered in favor of the plaintiff founded on the uncorroborated testimony of the plaintiff or of the agent, servant, or employee of the plaintiff as to any transaction with, or action, declaration or admission of, the deceased or incapable person."

The purpose of this statute is to "protect a person representing the deceased against potentially fraudulent suits based only on a claimant's word that the deceased was under an obligation to the claimant." *Gray v. Gray,* 412 A.2d 1208, 1212 (D.C.App.1980). Thus, a judgment based essentially on the survivor's testimony may be rendered only

---

1. Plaintiff has named the personal representatives of the estate, Thomas J. Campbell and Eileen C. Malkouk, as defendants.

if "there is other evidence from which reasonable men might conclude that his testimony is probably true." *Toliver v. Durham*, 240 A.2d 359, 360 (D.C.App.1968) (quoting *Rosinski v. Whiteford*, 184 F.2d 700, 87 U.S.App.D.C. 313, 314 (1950)). As all of the claims in the complaint presently before the Court are based on plaintiff's alleged reliance on the reassurances of the decedent, plaintiff must offer evidence beyond his own testimony of these reassurances to survive the motion to dismiss.

The only testimony offered by plaintiff of decedent's promise of his non-exposure to the AIDS virus is the testimony of plaintiff. Plaintiff claims that there were several conversations between him and the decedent regarding their sexual histories. However, they were private conversations and plaintiff attests that no one else was privy to them. Deposition of plaintiff at 103–104.

In answer to defendants' contention that there is no corroborating evidence of the decedent's alleged representations of non-exposure, plaintiff offers the testimony of Mr. Rob Sladin, an architect hired to perform work at the decedent's residence. Plaintiff maintains that Mr. Sladin will "testify that he looked to both Mr. Hosford and Mr. Campbell as participants in the contract to renovate the unit." Plaintiff's Opposition at 5. This evidence is entirely irrelevant to the issue of what the decedent told plaintiff. It in no way corroborates plaintiff's testimony regarding the statements of the decedent.

The only evidence of the decedent's alleged misrepresentations to plaintiff regarding his sexual history is plaintiff's own self-serving declarations. Without corroborating evidence, any claims based on this alleged misrepresentation are barred by D.C.Code § 14–302. All of the claims in the complaint herein are based upon the allegation of misrepresentations, and as such, must be dismissed by the Court. An Order consistent with this Memorandum Opinion will issue.

### ORDER

Upon consideration of the motion of defendants to dismiss and the opposition thereto, and consistent with the accompanying Memorandum Opinion, it is this 28th day of February, 1989,

ORDERED that the motion of defendants to dismiss be, and hereby is, granted; and it is further

ORDERED that the complaint in the above-captioned matter be, and hereby is, dismissed.