**BUILDING SERVICES UNLIMITED INC., et al., Plaintiffs,**

v.

**Dennis J. RILEY, et al., Defendants.**

**Civil Action No. 94cv1680 (JMF).**

United States District Court, District of Columbia.

Dec. 18, 2002.

Jonathan S. Feld, Brand & Frulla, P.C., Robert Arthur Ackerman, Alan I Baron, Dorsey & Whitney, L.L.P., Barry Coburn, Coburn & Schertler, Jacob Bernard Pompan, Washington, DC, Pompan, Ruffner & Bass, Alexandria, VA, Raighne Coleman Delaney, Bean, Kinney & Korman, P.C., Arlington, VA, Richard Murray, Alexandria, VA, Maxine Mount, Brookshire, TX, for Plaintiff.

Joel Myron Savits, Jordan, Coyne & Savits, Washington, DC, Aaron L. Handleman, Eccleston & Wolf, Washington, DC, Ellen G Draper, Catonsville, MD, Paul Edward Becker, Thomas Damian Eidt, Eccleston & Wolf, Washington, DC, Daniel Mark Press, Chung & Press, P.C., for Defendant.

Blair Gerard Brown, Zuckerman Spaeder, LLP, Jonathan S. Feld, Alan I Baron, Washington, DC, Dorsey & Whitney, L.L.P., Barry Coburn, Jacob Bernard Pompan, Pompan, Ruffner & Bass, Alexandria, VA, for Counter-defendant.

Aaron L. Handleman, Paul Edward Becker, Thomas Damian Eidt, Eccleston & Wolf, Washington, DC, Daniel Mark Press, Chung & Press, P.C., McLean, VA, Paul Edward Becker, for Counter-claimant.

Joel Myron Savits, Jordan, Coyne & Savits, Washington, DC, Ellen G Draper, Catonsville, MD, for Cross-claimant.

Antonia Beatrice Ianniello, Steptoe & Johnson, L.L.P., Washington, DC, for Movant.

## MEMORANDUM OPINION

FACCIOLA, United States Magistrate Judge.

In my memorandum opinion of September 20, 2002, I directed plaintiff, Maxine Mount ("Mount"), to provide "specific documentary evidence in the form of a cancelled check, receipt, or other document that shows that Mrs. Riley's accounting or any entry in it is wrong." *Id.* at 9.

In response, Mount concedes that Mrs. Riley's arithmetic is correct, but raises for the first time in this litigation, which is heading into its ninth year, a new issue. Mount says:

> The Riley tax treatment for the ownership of the condo cannot be used to calculate the parties cash contributions. The numbers used by the court reflect the deductions Riley took on his personal taxes based on his 50% ownership. Barbara Riley's arithmetic is correct. The defendant's tax treatment is flawed, and cannot be used to calculate cash contributions. Mount contributed 100% of the cash prior to 1993, Riley put in $15,000 in 1993, and thereafter, until the sale Mount paid 100% of all condo expenses.

Plaintiff's "Motion," November 16, 2002, at 2.[1]

---

**1.** I must note that Mount has suggested that the Court go through certain documents in order to find the evidence that proves Mrs. Riley's accounting was inaccurate. I know of no legal principle or precedent which would allow me to sift through evidence on behalf of a litigant.

Mount gave no such testimony at either jury trial or at the post-trial hearing I held devoted to the distribution of the proceeds of the sale of the condominium. To the contrary, it was a given that Mount and Riley had made joint payments to the condominium when they were still lovers. At no time, did Mount ever suggest that Mrs. Riley did not premise her payment of the mortgage and other expenses on checks given to her by Mount and by checks drawn on Riley's account. Nor has Mount ever asserted until now that Mrs. Riley's accounting is based on anything other than what Mrs. Riley received from her husband and from Mount and, in turn, paid to mortgagor and other creditors. There certainly has never been any testimony that Mrs. Riley accounted for the contributions of her husband and Mount by accurately indicating what Mount paid, but premising Riley's contribution on Riley's direction to his wife as to an imputed 50% contribution that he did not make yet wanted to appear to have been made to secure a tax advantage.

■ Moreover, her testimony concerning what Riley allegedly said or did is barred by the simple application of the District of Columbia's ".dead man's statute." It provides:

§ 14–302. Testimony against deceased or incapable person.

(a) In a civil action against:

(1) a person who, from any cause, is legally incapable of testifying, or

(2) the committee, trustee, executor, administrator, heir, legatee, devisee, assignee, or other representative of a deceased person or of a person so incapable of testifying,

a judgment or decree may not be rendered in favor of the plaintiff founded on the uncorroborated testimony of the plaintiff or of the agent, servant, or employee of the plaintiff as to any transaction with, or action, declaration or admission of, the deceased or incapable person.

D.C.Code § 14–302 (2001). *See e.g., Hosford v. Estate of Campbell,* 708 F.Supp. 7, 8 (D.D.C.1989).

■ The purpose of the dead man's statute is to protect against potentially fraudulent suits based only on a claimant's word that the deceased was somehow obligated to the claimant. *Gray v. Gray,* 412 A.2d 1208, 1212 (D.C.1980). Mount can escape from the statute only if she can provide evidence that would corroborate her position, rendering it substantially more credible. *Id.* Because she proceeds *pro se,* I will afford Mount one final opportunity to meet the demands of the "dead man's statute" before I bring this matter to an end.

By my Order of October 17, 2002, I directed the law firm of Coburn & Schertler to forward copies of all trial exhibits pertaining to, or relating to, the accuracy of Barbara Riley's accounting. *Order,* October 17, 2002, at 1. On December 2, 2002, Mr. Coburn certified to this Court that the documents were sent via UPS on November 13, 2002, to Mount's Texas address; the expected arrival date being November 15, 2002. Presumably, the documents are at the Texas address. Mount, however, has recently left a phone message with chambers that she has been in a hospital in California for the past three weeks. I will, therefore, grant her time to either retrieve the documents from Texas or to return to Texas to examine them.

Accordingly, within 30 days of this Memorandum Opinion, she will have to provide this Court with a specific proffer of the evidence in the form of a document, or testimony of a person other than herself, that Mrs. Riley did not in fact receive checks, reflecting aliquot shares of the mortgage and expenses, from her husband

and Mount. She must also provide evidence that Mrs. Riley's accounting does not indicate the amounts she actually received from her husband and Mount and then transmitted to the mortgagor and other creditors. If she provides no such proffer, I will enter final judgment dividing the proceeds as indicated in my Memorandum Opinion of September 20, 2002.

### ORDER

On December 10, 2002, plaintiff, Maxine Mount, left a phone message with chambers that she had been ill and in the hospital in California for the past three weeks. Additionally, she indicated that she has not been receiving filings made by the parties or by this Court.

Pursuant to my Order of October 17, 2002, I provided Ms. Mount with a copy of the docket sheet and stated that the Texas address would be considered good and sufficient service of documents. I cannot follow Ms. Mount around the country in order to accommodate her. She must alight somewhere for the service of documents upon her. I will, however, attach to this order all filings and orders since November 19, 2002,[1] and transmit them, on this one occasion, to the following address in California:

Maxine Mount
c/o Tom & Nancy Smith
2122 Moreland Road.
Chico, CA 95926.

From this point on, however, the Court and her opponents will use the Texas address she provided until she files in this Court and serves upon her opponents a formal change of address.

**SO ORDERED.**

---

1. Herein identified as Attachments A–F.